## McDONNEL v. HENRY ELIAS BREWING CO.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

1. CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE.
   Freedom from contributory negligence is shown by proof of such care as an ordinarily prudent person would have exercised under the particular circumstances surrounding plaintiff at the time of the accident.

2. PERSONAL INJURIES—EXCESSIVE DAMAGES.
   A verdict for $12,000 will not be set aside as excessive where plaintiff, a cab driver 32 years old, earning $12 a week, suffered a compound fracture of the jaw and a comminuted fracture of both legs.

Appeal from trial term, New York county.

Action by Miles McDonnel against the Henry Elias Brewing Company for personal injuries. From a judgment entered on a verdict

in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Charles J. Fiske, for appellant.

Sumner B. Stiles, for respondent.

WILLIAMS, J.    The action was brought to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant.    The injuries were received in an accident which took place at Forty-Second street and Third avenue, New York City, at 5:30 a. m. of January 23, 1895.    The plaintiff was crossing Third avenue along the northerly side of Forty-Second street, walking in an easterly direction.    As he approached the street-railroad tracks, a cable car was going northerly on the easterly track.    Plaintiff halted before crossing any of the tracks, and this car passed in front of him.    Then he attempted to cross the tracks, and was struck by defendant's brewery wagon and team, which were going south on the westerly track.    He was thrown down, and run over by the team and wagon wheels, and received very serious injuries.    This action was brought to recover damages for such injuries.    There was a serious conflict in the evidence as to the manner in which the team was being driven at the time of the accident.    The wagon was a heavy one, and was loaded with beer in barrels, and was on its way to Brooklyn, where the beer was to be delivered.    The plaintiff's evidence was to the effect that at the time of the accident the driver was asleep on his seat; that he was not holding the lines in his hands, but the lines were tied up to the cover on the wagon; and that the horses were going down the avenue, at a rate of six to seven miles an hour.    The defendant's evidence was to the effect that the driver was awake, and had the lines in his hands, and the horses were going at a slow trot.    The questions of fact upon this conflicting evidence were submitted to the jury, and it must be assumed the jury believed the plaintiff's evidence, and found the facts as claimed by the plaintiff.    We see no reason for disturbing the verdict upon this question; and, assuming the facts to have been properly found, the jury were justified in concluding that the defendant's negligence was satisfactorily established.

The more serious question is whether the jury were justified in finding that the plaintiff was free from contributory negligence.    Ordinarily, this question is one of fact for a jury.    The rule is that a plaintiff who has been injured has the burden of showing the absence of such contributory negligence.    He is not bound to show that he exercised the highest degree of care to avoid accident and injury, but only such care as an ordinarily careful and prudent person would have exercised under the particular circumstances surrounding the plaintiff at the time the accident occurred and the injuries were received.    The jury are to take into consideration all the facts and circumstances surrounding the plaintiff at the time of the accident, and to determine whether he exercised such

care as an ordinarily careful and prudent person would have done if placed in the plaintiff's position. It seems to us the facts and circumstances surrounding the plaintiff at the time of this accident, as the jury were justified in finding and inferring them from the evidence, were such as to warrant the submission of the question to the jury. The plaintiff was in a public street, and had a right to cross the avenue where he was when the accident occurred. He was bound to use reasonable care in so crossing. It appears that as he approached the street-car tracks from the west, he looked both ways. It was not very light. He saw a cable car coming up the avenue on the easterly track. And he saw something that looked like a wagon coming down the avenue, but then some distance away. He halted a little, so as to permit the cable car to pass by, before he attempted to cross over. The wagon was so far away that he apparently did not consider that any impediment to a safe crossing of the avenue. The cable car may well have attracted his attention, because it was specially dangerous to a foot passenger crossing the avenue. The elevated road was located along the avenue, with double tracks above him, and there was at the time considerable noise, occasioned by the passage of a train above him. This noise and that of the cable car may well have prevented his hearing the noise made by the beer wagon, or realizing that it was making a noise in approaching. He did not evidently understand it was near to him. As the cable car approached, the plaintiff, supposing the way would be clear when it had passed, so that he could safely cross over, started to cross the westerly street-railroad track, and as he was passing over this track, or was near the easterly street-railroad track, while standing to allow the rear of the cable car to get out of the way, or stepping back a little to avoid it, he was struck by this wagon, which was coming along rapidly, and which he did not observe until it struck him. These are the facts and circumstances which the jury were justified in finding or inferring from the evidence; and we think they were sufficient to support the finding by the jury that the plaintiff exercised, not the highest degree of care to avoid the accident and injuries,—he was not bound to do that,—but such care as an ordinarily careful and prudent person would have exercised if he had been in his place. This question was submitted to the jury, and they found that the plaintiff was free from contributory negligence. We think that this finding of the jury should not be disturbed.

The only other question suggested by the appellant relates to the amount of the verdict. The damages are claimed to have been excessive. The jury awarded $12,500. The plaintiff was a comparatively young man, about 32 years of age. He was a cab driver, and was earning, prior to the accident, $12 per week. His injuries were of a very serious nature. He suffered a compound fracture of the jaw, and comminuted fracture of both legs, and the condition of the legs is shown by the photographs in the record. While this court has the power to exercise its judgment as to the amount of the verdict in a negligence case, and to afford relief where it is satisfied the amount of damages awarded is excessive, we do not

think this is a case where such relief should be afforded.   It is a: large verdict, but we cannot say it is too large, in view of the in- juries received by the plaintiff.

The judgment and order appealed from should be affirmed, with costs.   All concur.