# Richmond.

## THE RICHMOND TRACTION COMPANY v. HILDEBRAND.[*]

### JANUARY 18, 1900.

1. PERSONAL INJURIES—*Negligence Must be Charged—Instructions.*—In an action to recover damages for a personal injury it is necessary to show that the injury was caused by the negligence of the defendant or his servant. It is error, therefore, to instruct the jury to find for the plaintiff if they believe that the injury was caused by the defendant's servants. The omission of the element of negligence is fatal, and is not cured by other correct instructions given.

2. INSTRUCTIONS—*Read as a Whole—Inconsistent and Contradictory.*— While instructions must be read as a whole, and defects in one instruction may be cured by a correct statement of the law in another where the court can see that, taking the instructions as a whole, the defect could not have misled the jury, yet if two instructions are inconsistent and contradictory, the verdict will be set aside, as it is impossible to say whether the jury was controlled by the good or bad in arriving at a conclusion.

3. INSTRUCTIONS—*No Evidence to Support.*—It is error to give an instruction which there is no evidence to support, as it tends to mislead the jury.

4. INSTRUCTIONS—*Errors Which Cannot be Assigned—Estoppel.*—After verdict, a party cannot avail himself of an erroneous instruction when he has asked for an instruction containing the same error. After inviting the court to commit error, he cannot have the verdict set aside for the error into which the court has been thus misled.

5. PLEADING—*Declaration—Demurrer—Personal Injuries—Circumstances of Collision.*—In an action for personal injuries inflicted by the alleged negligence of the servants of a railroad company, a declaration which states that the plaintiff was struck by the defendant's car while she was on its track, *"upon which she just stepped,"* is

---

[*]This case was incompletely reported in 98 Va., 22. It is now reported in full, in order to correct omissions in the former report.

bad on demurrer, as it intimates that the collision which caused the injury was simultaneous with the act of the plaintiff in stepping on the track.

Error to a judgment of the Circuit Court of Henrico county rendered December 13, 1897, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Henry & Williams* and *Coke & Pickrell*, for the plaintiff in error.

*Hill Montague* and *Leake & Carter*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by Mary B. Hildebrand to recover damages for an injury alleged to have been sustained by her in consequence of the careless, negligent and reckless conduct of the plaintiff in error in running its electric cars over a certain highway extending from the city of Richmond to Oakwood Cemetery, in the county of Henrico.

The proceedings in the Circuit Court resulted in a verdict and judgment for $12,250.00 against the defendant company, which we are asked to review and reverse.

The court is of opinion that Instruction No. 5, given for the plaintiff, was erroneous, and that a reversal of the judgment is for such error a necessity. That instruction is as follows:

" The court instructs the jury that, in determining the question of negligence in this cause, they should take into consideration the situation and conduct of both parties at the time of the alleged injury, as disclosed by the evidence, and if they believe from the evidence that the injury complained of was

caused by the defendant company's servants, and without any greater want of ordinary care and caution on the part of the plaintiff than was reasonably to be expected of her under all the circumstances, then the plaintiff is entitled to recover."

By this instruction the right of the plaintiff to recover is made to depend solely upon the question whether she exercised ordinary care and caution; whereas, it is essential that the negligence of the defendant company should be established before there can be a recovery. The language of the instruction is, "that the injury complained of was caused by the defendant company's servants." It should have been, "that the injury complained of was caused by the negligence of the defendant company's servants." The defendant's servants undoubtedly caused the injury to the plaintiff, but that would not entitle her to recover unless it further appeared that the injury was caused by their negligence. The instruction, as given, is wholly misleading as a rule and guide for the jury, and it is impossible to estimate the effect it may have had in bringing them to their verdict.

Instruction No. 2, given for the defendant company, is as follows:

" The jury are instructed that the mere fact that the injury to the plaintiff was caused by the defendant's car will not warrant them in finding a verdict against the defendant. The gravamen of this action is the alleged negligence of the defendant, and until this is shown by a preponderance of evidence, to the satisfaction of the jury, there can be no recovery against the defendant, and no case is made against said defendant which it is necessary for it to answer."

This is a clear and ample statement of the law that there can be no recovery in such a case until the negligence of the defend-

ant is established, and it is insisted that the instructions, whether given for one or both parties, must be read and construed as a whole, and that defects in one instruction may be cured by a correct statement of the law in another. This is true if the court can see, when the instructions are read together, that the jury could not have been misled by the defective instruction. *Washington, &c. R. Co.* v. *Lacey*, 94 Va. 460. The instruction now under consideration is, however, not merely defective, but an entirely incorrect statement of the law well calculated to mislead the jury. The two instructions are inconsistent with, or contradictory to each other, and it is impossible to say whether the jury was controlled by the good or the bad in reaching their conclusion.

In Thompson on Trials, Vol. 2, section 2326, it is said: " The giving of instructions which are inconsistent with or contradictory to each other is error, for the reason that the jury will be as likely to follow the good as the bad, and it cannot be known which they have followed and which way soever they go, if there is an appeal or writ of error, the judgment must be reversed. Therefore, an erroneous instruction is not cured by another instruction on the same subject, which is correct, unless the former is by the latter specifically withdrawn."

Nor can the contention be sustained that the error under consideration should be disregarded, upon the well settled rule of this court that a judgment will not be reversed if the court can see from the whole record, that, even under correct instructions, a different verdict could not have been rightly found, or if it is able to perceive that the erroneous ruling could not have influenced the jury. *Richmond Rwy. Co.* v. *Garthright*, 92 Va. 627.

The evidence is conflicting, and the court is unable to say either that a different verdict could not have been rightly found under correct instructions, or that the erroneous ruling could not have influenced the jury.

The court is further of opinion that it was error to give

Instruction No. 6 for the plaintiff. This instruction tells the jury that, if they believe from the evidence, "that the plaintiff in stepping upon the track of the defendant at the time of the accident, failed to look and listen for the approach of a car upon said track, yet she is not disentitled to recover on that account, if the jury further believe from the evidence that, by looking or listening, she could neither have seen or heard the approaching car." As an abstract proposition, this statement of the law is sound, but there is no evidence in the record upon which it could be predicated. It was, therefore, calculated to mislead the jury, and for that reason should not have been given. This error, however, if there were no other, could not avail the plaintiff in error, for the reason that in its sixth instruction the same fact was assumed that was assumed by the instruction complained of. A party cannot invite the court to commit error by asking for an erroneous instruction, and be permitted afterwards to have the verdict set aside for the error into which the court has been thus misled. *Kimball & Fink* v. *Friend*, 95 Va. 125.

The court is further of opinion that there was no error to the prejudice of the defendant company in rejecting its eighth, ninth and tenth instructions, or in giving the instructions asked for by the plaintiff, other than those already pointed out as erroneous.

The action of the lower court in overruling the demurrer to the declaration, and each count thereof, is assigned as error, and should have been first considered in disposing of the questions raised.

As the judgment complained of must, for the reasons already given, be reversed, we feel less hesitation in holding the declaration defective in stating a good cause of action.

The declaration repeatedly states that the plaintiff was struck by the defendant company's car while she was on its track, *upon which she had just stepped.* This language, in the connection used, construed most strongly against the pleader, would convey

the idea that the collision which caused the injury was simultaneous with the act of the plaintiff in stepping upon the track. It would seem to follow necessarily from this construction of the language that the plaintiff was guilty of negligence in stepping immediately in front of a rapidly moving car, the consequences of which could not be avoided by the utmost care on the part of the defendant. If this be the correct interpretation of the language of the declaration, then the demurrer should have been sustained, for the plaintiff could not recover upon the cause of action stated. *Dun* v. *Seaboard R. R. Co.,* 78 Va. 645. An opportunity will, however, be given the plaintiff to amend her declaration, and make clear what is, to say the least, in doubt in respect to the meaning intended to be attached to the language referred to.

We do not notice the last assignment of error, because it would be improper to comment upon the evidence when there is to be a new trial.

For these reasons the judgment must be reversed, the verdict set aside, the demurrer sustained, and the cause remanded for a new trial, with leave to the plaintiff to amend her declaration.

*Reversed.*