GEORGE F. KENNEDY v. MICHAEL A. SULLIVAN.

Submitted December 8, 1900—Decided February 25, 1901.

In an action for injuries sustained by a child by being run over by a horse and cart, driven by an employe of the defendant, a witness testified that just before the accident he saw the horse and cart coming down the street, and that the driver was sitting in the cart with his head resting against his chest; that plaintiff was at that time behind another wagon and that as defendant's cart passed the wagon it struck plaintiff, knocking him down. The driver of the cart testified that as he drove he was watching ahead of him, and that plaintiff ran into him. *Held*, that the evidence justified the inference that the defendant's driver was negligent.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUMMERE and COLLINS.

For the plaintiff, *Randolph Perkins.*

For the defendant, *Charles C. Kelly.*

PER CURIAM.

The plaintiff recovered a verdict for personal injuries received by being run over by a horse and cart belonging to the defendant, and driven by his employe. At the time of the occurrence of the accident the plaintiff was only three years and seven months old. By reason of his tender years the question of contributory negligence is out of the case, and the propriety of the verdict depends solely upon whether the evidence will support the conclusion that the accident was due to carelessness upon the part of the defendant's driver.

The principal witness on the part of the plaintiff testified that, just before the accident, he saw the horse and cart coming down the street, and that the driver was sitting in the cart with his head hanging down (his chin resting against

his chest) ; that the plaintiff, at that time, was behind another wagon, belonging to one Percy, which was drawn up close to the sidewalk, and that, as the defendant's cart passed Percy's wagon, it struck plaintiff, knocked him down, and ran over him. The defendant's driver was the only witness produced on his behalf to speak to the happening of the accident. He testified that, as he drove along the street, he was watching ahead of him, and that the plaintiff ran right into him, and so was knocked down and run over. The jury evidently believed the account of the accident as detailed by plaintiff's witness; and this being so, they were justified in their inference that the defendant's driver was negligent in driving along the street, with his head hanging down in the manner described by the witness, and that the plaintiff's injuries resulted from this careless manner of driving.

The rule to show cause should be discharged.