**Wytheville.**

MATHEWS V. GLENN AND OTHERS.

June 12, 1902.

1. DELINQUENT LANDS—*Cloud on Title—Redemption.*—A person whose land has been sold for delinquent taxes and purchased by the State has no interest in the land except the right to redeem it, and cannot, before redemption, maintain a suit to remove a cloud upon the title. A tender of the purchase price, however, to a purchaser from the Commonwealth is not an offer to redeem, nor will a wrongful payment by such purchaser deprive the owner of the right to redeem.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced November 12, 1900, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Amended and affirmed.*

The opinion states the case.

*A. W. Patterson* and *Henry C. Riley,* for the appellant.

*W. H. Werth,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to have a deed executed to Joseph E. Glenn, the appellee, by the clerk of the Hustings Court of the city of Richmond, conveying a house and lot, declared null and void, and removed as a cloud upon the complainant's title to the said property.

It appears from the record that on the 8th day of April, 1890, the special commissioner in a chancery cause pending in the Circuit Court of the United States for the Eastern District of Virginia conveyed the house and lot which had been sold in that cause as the property of Edloh Chappell to William H. Mathews, and that the latter, by the same deed, conveyed the property to his wife, Maria E. Mathews, the complainant.

This deed was not recorded until August 1, 1893. The taxes on the house and lot, which were still assessed in the name of Chappell for the years 1891 and 1892, had not been paid, the property was returned delinquent, and sold on the 15th day of July, 1893, for their non-payment, and bid in by the treasurer of the city for the State. No one having redeemed the house and lot, the appellee, Joseph E. Glenn, on the 19th day of May, 1899, filed his application to purchase the same from the State under the provisions of section 666 of the Code, as amended by an act of the General Assembly approved February 11, 1898 (Acts 1897-'8, p. 343); and, on the 5th day of December, 1899, the clerk of the Hustings Court conveyed the property to him.

Conceding for the purposes of this case that the deed from the clerk of the Hustings Court to the appellee is void, as alleged in the bill, and therefore passed no title, this suit cannot be maintained by the appellant.

It appears from the record that the State purchased the property in the year 1893, when it was sold for the taxes of 1891 and 1892. The bill makes no attack upon the regularity or validity of the proceedings by which the State acquired title to the property. The State, if the deed to the appellee passed nothing, is still, so far as the record in this case shows, the owner of the property in fee. After the property became vested in the State, the only right which the appellant had was the right of redemption, and until the property was redeemed by her, or by some one in her interest, or which enured to her benefit, she

could not maintain a suit to remove a cloud upon the title. *Parsons* v. *Newman,* 99 Va. 298; *Glenn* v. *Brown, ante* p.

Her offer to refund to the appellee the amount which he had paid as the consideration for the clerk's conveyance to him cannot be regarded as an offer to redeem the land. Neither can the appellee's payment to the clerk enure to the benefit of the appellant, for that was not the payment of taxes due upon the property, but the payment of the purchase price at which the State sold the property. Neither did the clerk's act in receiving that sum, and making the conveyance, if void, as alleged in the bill, deprive the appellant of the right of redemption.

We are of opinion, therefore, that the bill ought to have been dismissed, because the appellant having no interest in the property, except the right to redeem it, could not maintain a suit to remove a cloud upon the title, but the dismissal ought to have been without prejudice.

The decree will be amended, and as amended, affirmed.

*Affirmed.*