# Richmond.

The American Tobacco Company v. Polisco.

104   777
110   448

January 18, 1906.

1. Negligence—*Driving on City Street—Lookout —Question for Jury.*—
A driver of a vehicle on the streets of a city may reasonably expect
to meet people, young and old, in the street or crossing the street,
and it is his duty to keep a lookout for them in order to avoid in-
juring them. Whether or not an injury to a person on the street
by colliding with such vehicle was proximately caused by the neg·
ligence of the driver in failing to keep a proper lookout is a ques-
tion for the jury under proper instructions from the court.

2. Negligence—*Driving on City Street—Lookout—Negligence Per Se.*—
In an action to recover damages for an injury inflicted on a young
child by driving a wagon over it in the street, it is error to instruct
the jury that if they believe from the evidence that at the time the
child was struck and run over by the defendant's wagon the driver
was looking at a punching bag on the side of the street and there-
fore did not see the child, then they must find for the plaintiff
(child), as it takes away from the jury the consideration of other
circumstances in the case, and tells them that the facts stated con-
stitute such negligence as entitles the plaintiff to a verdict.

3. Instructions—*Conflicting Instructions.*—A defect in one instruction
may be cured by a correct statement of the law in another where
the court can see that, taking the instructions as a whole, the jury
could not have been mislead by the defect, but if two instructions
are inconsistent and contradictory the verdict will be set aside as
it is impossible to tell whether the jury was controlled by the good
or the bad in arriving at a conclusion.

4. Instructions—*Erroneous—Presumption of Prejudice.*—A misdirec-
tion or other mistake appearing in the record is presumed to have
affected the verdict of the jury, and a judgment thereon will be
reversed unless it plainly appears from the whole record that the
error did not affect, and could not have affected, the verdict.

Vol. civ—98

5. NEGLIGENCE—*Contributory Negligence—Children—Avoiding Effect of Carelessness—Driving on City Street.*—A child five years of age cannot be guilty of contributory negligence, and if, notwithstanding its carelessness, the driver of a vehicle in a city street could, by the exercise of reasonable care in keeping a lookout, have avoided coming in contact with and injuring it and failed to do so, his master is liable.

Error to a judgment of the Corporation Court of the city of Danville in an action of trespass on the case.    Judgment for the plaintiff.    Defendant assigns error.

*Reversed.*

The opinion states the case.

*Peatross & Harris* and *Cabell & Cabell,* for the plaintiff in error.

*Harrison & Leigh* and *Thos. F. Hamlin,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Joseph Polisco, the father, and as the next friend of his infant daughter, Becky Polisco, a little over five years of age, brought this action against The American Tobacco Company to recover damages for injuries alleged to have been sustained by her in consequence of the carelessness and negligence of the driver of a wagon of the defendant company, passing over and along Craghead street in the city of Danville.

The trial in the lower court resulted in a verdict and judgment against the defendant company for $1,800, which we are asked to review and reverse.

The declaration filed consists of two counts, in both of which the charge is made, that, at the time the vehicle he was driving ran over the child, the driver was looking to one side of the street where some persons were assembled witnessing others sporting with a punching bag at or near the sidewalk, and

while the driver was thus looking to that side of the street, the child attempted to run across the street from the opposite side to her father's store, situated diagonally from the point at which she started and, not being observed by the driver, was struck and run over by the wagon, and sustained serious permanent injuries.

No attempt was made at the trial to show that the driver was not skilful, experienced, trustworthy and reliable, nor was there any evidence that he was driving rapidly or recklessly; so that his negligence, if any there was, consisted in looking to the side of the street where the group at the punching bag was, and not keeping a reasonably careful lookout along the street in front of the wagon.

The case does not belong to that class of cases to which *Persinger* v. *Coal Co.,* 102 Va. 350, 46 S. E. 325, and *Con. Brewing Co.* v. *Doyle,* 102 Va. 399, 46 S. E. 390, cited by counsel for plaintiff in error, belong, and which hold that a defendant is not liable for damages resulting from an event which was not expected, and could not have been anticipated by a person of ordinary prudence; but to that class which has dealt with similar occurrences to the one out of which this case arises, on the streets of populous cities, in which it has been uniformly maintained that on a street of a city a driver of a vehicle is held to reasonably expect to meet people, young and old, in the street or crossing the street, and the law requires him to keep a lookout for them in order to avoid injuring them, and not to turn aside and put his attention and sight on other objects; and that whether or not an injury to a person on the street by being run over by a vehicle passing thereon was proximately caused by the negligence of the driver in not keeping a proper lookout along the street in front of him, was a question for the jury. Among the cases last referred to are *Wiswell* v. *Doyle,* 160 Mass. 42, 35 N. E. 107, 39 Am. St. Rep. 457; *Kennedy* v. *Sullivan* (N. J.), 48 Atl. 535, 9 Am. Neg. Rep. 532; *McDon-*

*nell* v. *Brewing Co.* (N. Y.), 44 N. Y. Supp. 652, 2 Am. Neg. Rep. 423; *Nugent* v. *Metropolitan St. Ry.* (N. Y.), 61 N. Y. Supp. 476, 3 Am. Neg. Rep. 584; *Summers* v. *Bergner Brewing Co.,* 143 Pa. 114, 22 Atl. 707, 24 Am. St. Rep. 578; *Barnes* v. *S. City R.* (La.), 17 South. 782, 49 Am. St. Rep. 401; *Evers* v. *Phila. Tr. Co.,* 176 Pa. 376, 35 Atl. 140, 53 Am. St. Rep. 675.

It is, however, properly conceded in the argument here on behalf of plaintiff in error, that whether or not the conduct of its driver, and especially whether or not his looking to the side of the street at the group assembled at the punching bag, instead of looking steadily ahead, constituted actionable negligence, was a question for the jury to determine from the evidence under proper instructions from the court. Therefore, the only question for our determination is, whether or not the jury was properly instructed.

The trial court, on the motion of defendant in error, gave five instructions, to four of which—Nos. 1, 2, 4 and 5—plaintiff in error objected.

No. 1 is as follows: "The court instructs the jury that if they believe from the evidence that at the time the child, Becky Polisco, was struck and run over by defendant's wagon, defendant's driver was looking at the punching bag, and therefore did not see the child, then they must find for the plaintiff and assess her damages at such amount as the evidence warrants, not to exceed $5,000.00."

It is admitted by counsel for defendant in error that this instruction, standing alone, may be too broad a statement of the law, but it is insisted that it is only an incomplete and not an erroneous instruction, the defects of which are covered by other instructions given.

It is true that the jury were in effect told in defendant in error's instructions Nos. 2, 4 and 5, not that the failure to look was carelessness, but that if he (the driver) negligently

failed to look, and negligently and carelessly drove on, and that he could, by the exercise of reasonable care, have seen the child, and could have avoided the accident, then they should find for the plaintiff.

We see no objection to these instructions, but they are plainly inconsistent with instruction No. 1, which erroneously took from the jury the consideration of other circumstances in the case, and told them that if they found from the evidence that the driver of the wagon was looking at the punching bag when the child was run over and injured, this was negligence that would justify their finding a verdict in her favor.

While instructions are to be read as a whole, and defects in one instruction may be cured by a correct statement of the law in another where the court considers that, taking the instructions as a whole, the defect could not have misled the jury; yet if two instructions are inconsistent and contradictory, the verdict will be set aside, as it is impossible to say whether the jury was controlled by the good or the bad in arriving at a conclusion. *Richmond Trac. Co.* v. *Hildebrand,* 99 Va. 48, 34 S. E. 888; *Wash., Alex. & Mt. V. Elec. Ry. Co.* v. *Quayle,* 95 Va. 741, 30 S. E. 391.

It is also well settled that a misdirection or other mistake of the court appearing in the record is to be presumed to have affected the jury, and the judgment will be reversed, unless it plainly appears from the whole record that the error did not affect, and could not have affected, their verdict. *Norfolk Ry., &c., Co.* v. *Corletto,* 100 Va. 353, 41 S. E. 740, and authorities cited. That, however, is not the case here, as it is impossible for this court to say whether the jury in finding their verdict were guided by the erroneous instruction No. 1, given for defendant in error, or by the other instructions given, and which were free from error. The jury might very well have regarded that it was unnecessary for them to consider the other instructions in the case, as they had been told in instruction No. 1 that if they believed from the evidence that it was a fact

that the driver of the wagon was looking at the punching bag at the time the wagon struck and injured the child they should find a verdict in her favor, leaving out of view any other fact or circumstance which the evidence may have proved or tended to prove.

The refusal of the court to give plaintiff in error's instruction No. 10 is assigned as error. It is as follows: "The court instructs the jury that if they believe from the evidence that the child ran across the street and ran into the defendant's wagon, and that this was the proximate cause of the injury, then the plaintiff cannot recover under the allegation of negligence in the declaration."

Since the child could not, by reason of her age, be held guilty of contributory negligence, this instruction was too broad, and therefore misleading. She might have run across the street into the wagon, yet if the driver could by the exercise of reasonable care in keeping a lookout as to where he was driving, and what objects the wagon might come in contact with, have seen her, and thus avoided doing her damage, the plaintiff in error was liable for the injury, and the allegations of the declaration in the case were sufficient to warrant a recovery on that ground. The instruction was properly refused.

The circumstances which occasioned the asking by plaintiff in error of instruction No. 11, which was refused, are not likely to arise at the next trial of the case; therefore, it is unnecessary to consider the ruling of the court in refusing the instruction.

For the error in defendant in error's instruction No. 1, hereinbefore pointed out, the judgment complained of will be reversed and annulled, the verdict of the jury set aside, and the cause remanded for a new trial, to be had in accordance with the views expressed in this opinion.

*Reversed.*