THE NATIONAL WHOLESALE GROCERY COMPANY *et al. vs.* UNITED ELECTRIC RAILWAYS CO.

MAY 3, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Automobiles.  Negligence.  Res Ipsa Loquitur.*

Plaintiff's truck was left diagonally to a car track unattended. By reason of a curve motorman's view of the truck would have been seriously if not entirely obstructed within forty-five feet of truck and at time of accident it was dark and misty. It did not appear that lamps on truck were lighted. The ground sloped toward track and it did not appear whether brakes were set. Plaintiff testified truck was left such a distance from track as not to obstruct passage of car. Truck was struck by car.

*Held,* that doctrine of *res ipsa loquitur* did not apply and burden was on plaintiff to establish negligence of defendant by affirmative evidence, which did not appear from facts stated.

*Held,* further, that there was nothing to show motorman should have anticipated presence of truck on track or in close proximity thereto or that he could by exercise of proper care have seen it in time to avoid the accident.

Trespass on the Case for negligence.  Heard on exception of plaintiff and overruled.

Rathbun, J.  This is an action of trespass on the case for negligence.  In the Superior Court, at the conclusion of the testimony for the plaintiffs, the trial justice granted the defendant's motion for a nonsuit and the case is before us on the plaintiffs' exception to the granting of said motion.

The action was brought to recover for damages caused to plaintiff's auto truck by being struck by an electric car owned and operated by the defendant.  The accident occurred in front of the grocery store of Slater & Pickles in the village of Ashton.  At the place of the accident the defendant's car track was located at the extreme edge of the highway next to the said store.  A short time before the accident, the truck, which was in control of its operator and a helper, was driven across the car track and left in front of the store in a line diagonally with the car track.  The accident happened while the men in charge of the truck were within the store.  By reason of a sharp curve in the highway and car track about 40 or 45 feet from the point of the accident, in the direction from which the car approached, the motorman's view of the truck, even in the daytime, would have been seriously obstructed if not entirely cut off.  It was dark at the time of the accident and the darkness was rendered more intense by heavy rain and mist.  There were no lights in the front of the store and it does not appear that the lamps on the truck—particularly the one on the rear—were lighted.  The ground where the truck was left sloped toward the car track and it does not appear whether the brakes on the truck were set.

Both the driver and his helper testified that the truck was left such a distance from the car track as not to obstruct the passage of the car.  The driver, however, was a little less positive in his testimony to this effect than was the helper.  As the car did not leave the rails it is clear that the persons in charge of the truck were mistaken as to the distance the

truck was left from the track, or that the truck moved, or was moved, from the place where it was left.

The plaintiffs contend that the defendant should have been required to explain how the accident happened and show that the defendant was free from negligence.

The doctrine of *res ipsa loquitur* has no application (see *Fagan* v. *R. I. Co.*, 27 R. I. 51; *Wilbur* v. *R. I. Co.*, 27 R. I. 205; *Himes* v. *Cole Teaming Co.*, 39 R. I. 504) and the burden is, therefore, upon the plaintiffs to establish the negligence of the defendant by affirmative evidence. This the plaintiffs have failed to do.

There being no evidence bearing upon the question, it is useless to speculate as to how the accident may have happened, but if it could be assumed that the truck was left, or, before the approach of the car, had rolled so near the track as to prevent a free passage of the car, nothing was presented tending to show that the motorman should have anticipated the presence of the truck on, or in close proximity to the car track, or could, by the exercise of proper care, have seen the truck in time to avoid the accident. See *Vizacchero* v. *R. I. Co.*, 26 R. I. 392.

We are of the opinion that in no aspect of the case, on the evidence adduced, were the plaintiffs entitled to recover. See *Consumers' Brewing Co.* v. *Doyle's Admx.*, 102 Va. 399; *Horne* v. *Boston Elevated Ry. Co.*, 206 Mass. 231 and cases cited.

The plaintiffs' exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the nonsuit.

*Huddy & Moulton, Stuart H. Tucker*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.