CLAYTON C. BRYANT, ET AL.

V.

FRANK L. PECKINPAUGH, ET AL.

Record No. 900706

January 11, 1991

Present: All the Justices

*A. David Hawkins* (*Overbey, Overbey, Hawkins & Selz*, on briefs), for appellants.
*Joan M. O'Donnell* for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issues that we consider in this appeal are whether the seller of a farm breached a real estate contract or committed a fraudulent act against the purchasers when he transferred the farm's tobacco allotment to a third party.

In November 1985, John L. Ackerman, a real estate agent, contacted Frank L. Peckinpaugh and informed him that Clayton C. Bryant owned a farm in Pittsylvania County which was for sale. The sale price was $149,500.

Sometime after November 27, 1985, Peckinpaugh and Ackerman met at the farm. They viewed the property and Peckinpaugh informed Ackerman that he thought the property with improvements had a value of $135,000. Peckinpaugh then asked if the farm had a tobacco allotment. Ackerman responded, "[F]or these figures you don't need to add it in, it's insignificant." Peckinpaugh discussed the property with his wife and they made an offer of $135,000. The offer was rejected.

On December 15, 1985, the Peckinpaughs signed a real estate contract to purchase the farm for $149,500. Ackerman took the contract to Bryant's home the next morning. The contract did not mention the tobacco allotment.

Unbeknownst to the Peckinpaughs, the farm had a tobacco allotment of 5,437 pounds. Bryant had advertised the sale of the tobacco allotment a few weeks before December 16 and had made an oral commitment to sell the allotment to a third party, Thomas Owen. On the morning of December 16, after he had received the Peckinpaughs' contract, Bryant met Owen at the Agricultural Stabilization Conservation Service office in Pittsylvania County and signed a form to transfer the allotment to Owen's farm. Owen paid Bryant $8,155.50 for the allotment. Bryant then returned to his home and signed the contract.

The real estate closing was held on January 22, 1986, and the deed to the property was delivered to the Peckinpaughs. The deed made no reference to the tobacco allotment. In April 1986, Peckinpaugh discovered that the farm had a substantial tobacco allotment which had been sold to Owen.

The Peckinpaughs filed a motion for judgment against Bryant and Ackerman. Bryant and Ackerman filed a demurrer which was sustained. The Peckinpaughs were granted leave to file amended pleadings. The Peckinpaughs filed an amended motion for judg-

ment against Bryant and Ackerman, alleging fraud and breach of contract. They sought to recover compensatory and punitive damages.

The case was tried before a jury which considered evidence on the issues of fraud and breach of contract and returned a verdict in favor of the Peckinpaughs and assessed damages in the amount of $14,500. The trial court held that there was insufficient evidence of damages to support the verdict and entered an order which set the verdict aside and required the Peckinpaughs to elect a new trial on the issue of damages or accept a remittitur. The Peckinpaughs elected to submit the issue of damages to a jury which returned a verdict in their favor for $13,592.50. We awarded Bryant and Ackerman an appeal and the Peckinpaughs a cross-appeal.

First, Bryant and Ackerman argue that the trial court erred because it failed to grant their motion to strike the Peckinpaughs' claim of fraud. They assert that the Peckinpaughs failed to prove, by clear and convincing evidence, all of the essential elements necessary to establish a cause of action for fraud. We agree.

A litigant who prosecutes a cause of action for actual fraud must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Winn* v. *Aleda Construction Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). *See also Wolford* v. *Williams*, 195 Va. 489, 498, 78 S.E.2d 660, 665 (1953); *Ashby* v. *Red Jacket Coal Corp.*, 185 Va. 202, 207, 38 S.E.2d 436, 439 (1946); *Chandler* v. *Satchell*, 160 Va. 160, 171-72, 168 S.E. 744, 748 (1933); *Moore* v. *Gregory*, 146 Va. 504, 523, 131 S.E. 692, 697 (1925). The misrepresentation that Ackerman made to Peckinpaugh was: "[The tobacco allotment is] just a small amount; for these figures you don't need to add it in, it's insignificant." This purportedly false representation was not material. Mr. Peckinpaugh testified that he "had fallen in love with the farm, and all of the other things were insignificant. And the question was, the main thing was could I afford it [the farm]." Additionally, the Peckinpaughs failed to prove by clear and convincing evidence that they relied upon the

misrepresentation. Accordingly, the trial court should have granted the motion to strike the Peckinpaughs' claim of fraud.[1]

■ Ackerman and Bryant argue that the Peckinpaughs failed to plead a cause of action for breach of contract in their amended motion for judgment. We disagree. We said in *Greenbrier Farms v. Clark*, 193 Va. 891, 894, 71 S.E.2d 167, 169 (1952):

> The object of a motion for judgment . . . is to set forth the facts which constitute the cause of action so that they may be understood by the defendant who is to answer them, by the jury who are to ascertain whether such facts exist, and by the court which is to give judgment.

The Peckinpaughs alleged in their amended motion for judgment that they executed a contract with Bryant and Ackerman to purchase approximately 283 acres of land in Pittsylvania County from Bryant; that the land contained an allotment which was included in the sale of the property which was the subject of the contract; that Bryant executed a transfer of the allotment to someone else on December 16; and that he did so in breach of the contract. Accordingly, we hold that the amended motion for judgment states a cause of action for breach of contract.

■ Ackerman and Bryant next argue that the trial court erred because it allowed the jury to consider the Peckinpaughs' breach of contract claim even though the tobacco allotment was not specifically mentioned in the real estate contract. This argument, however, ignores the rule that tobacco allotments run with the land and may only be transferred in accordance with the Agricultural Adjustment Act of 1938. 7 U.S.C. § 1281.

The Agricultural Adjustment Act, and regulations promulgated thereunder, empower the Secretary of Agriculture to establish acreage allotments and impose marketing quotas upon the amount of tobacco which may be marketed in each state. 7 U.S.C. § 1313. Thereafter, each state apportions allotments and quotas amongst its counties.

Acreage allotments and marketing quotas are determined by the county committee of the county in which a farm is located in accordance with the federal statutory and regulatory scheme. *See*

---

[1] The Peckinpaughs assigned as cross-error the trial court's refusal to instruct the jury on the issue of punitive damages related to their fraud claim. We need not consider this assignment of error because the Peckinpaughs failed to prove their claim of fraud.

7 C.F.R. § 725, *et seq.* If a farmer sells an allotment, the sale must be recorded on a specified form and in the manner prescribed by the applicable federal regulations. The transfer and sale of the allotment must be approved by the county committee and is not effective until approved.[2]

■ "Federal and state courts are in accord in holding that acreage allotments under the Agricultural Adjustment Act and the applicable regulations run with the land." *McClung v. Thompson,* 401 F.2d 253, 256 (8th Cir. 1968); *Combustion Engineering, Inc. v. Norris,* 246 Ga. 413, 414-15, 271 S.E.2d 813, 815 (1980). Additionally, we held even before Congress enacted the Act that "[t]here can be no doubt, that if one sell his land without any reserve, all the crops, not severed, will pass to the purchaser." *Crews v. Pendleton,* 28 Va. (1 Leigh) 297, 305 (1829).[3]

■ We hold that the evidence was sufficient to support the jury's finding that Bryant breached the contract with the Peckinpaughs. When Bryant signed the contract for the sale of the farm with the Peckinpaughs on December 16, 1985, the tobacco allotment, although not identified in the contract for sale, was still a part of the land. On that same date, however, Bryant undertook certain acts which ultimately resulted in the severance of the allotment from the land and the transfer of the allotment to Owen. The tobacco allotment was severed from the land on May 21, 1986, the date that "the record of transfer of allotment or quota" was approved by the county committee. 7 U.S.C. § 1314b(c). The trial court, however, should have granted Ackerman's motion to strike the Peckinpaughs' breach of contract claim against him because the Peckinpaughs failed to present any evidence from which the jury could infer that he breached the contract.

Finally, Ackerman and Bryant argue that the trial court erred because it should have limited the Peckinpaughs' damages to in-

---

[2] The Agricultural Adjustment Act states:

The lease and transfer or sale and transfer of any allotment shall not be effective until a copy of the lease or sale agreement, as the case may be, is filed with and determined by the county committee of the county in which the farms involved are located to be in compliance with the provisions of this section.

7 U.S.C. § 1314b(c).

[3] We need not consider Bryant's argument that the trial court erred when it considered parol evidence on the issue of whether the contract included the tobacco allotment because, as a matter of law, the allotment runs with the land until severed in accordance with the Agricultural Adjustment Act.

significant or nominal amounts at both the first and second trial.[4] We disagree.

■ The Peckinpaughs are entitled to recover those damages which are "the natural and direct result of the breach of the contract . . ." *Manss-Owens Co.* v. *H.S. Owens & Son*, 129 Va. 183, 201, 105 S.E. 543, 549 (1921). We have repeatedly held that "[t]he object of the law in awarding damages is to make amends, or reparations, by putting the party injured in the same position, as far as money can do it, as he would have been if the contract had been performed." *Appalachian Power Co.* v. *John Stewart Walker, Inc.*, 214 Va. 524, 535, 201 S.E.2d 758, 767 (1974) (quoting *Lehigh Portland Cement Co.* v. *Virginia Steamship Co.*, 132 Va. 257, 270, 111 S.E. 104, 109 (1922)). We hold that the Peckinpaughs are entitled to recover as damages the reasonable market value of the allotment as of the date of the breach of contract.

■ We will enter final judgment in favor of Ackerman and Bryant on the Peckinpaughs' claim of fraud. We will also enter final judgment on behalf of Ackerman because the evidence fails to show that he breached the contract.

■ We will reverse the judgment of the trial court as to the Peckinpaughs' contract claim against Bryant and remand that case for a new trial on the issue of damages only because we are unable to discern whether the amount of the verdict reflects a jury award for the breach of contract claim or the fraud claim. *See American Tobacco Co.* v. *Polisco*, 104 Va. 777, 781, 52 S.E. 563, 565 (1906) (A misdirection or other mistake appearing in the record is presumed to have affected the jury, requiring reversal unless it plainly appears that the error did not affect, and could not have affected, the verdict.) *See also Ring* v. *Poelman*, 240 Va. 323, 397 S.E.2d 824 (1990). Accordingly, the judgment of the trial court will be

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

[4] Bryant and Ackerman also argue that the trial court erred during the first trial because Bryant testified, over his counsel's objection, that he purchased the farm for $101,000, but later sold it to the Peckinpaughs for $149,500. However, because the trial court correctly refused to permit such testimony during the second trial, this issue is not pertinent to this appeal.