## CIRCUIT COURT OF FAIRFAX COUNTY

Telenet Capital, Inc.

v.

SMC Mortgage Corp.

### July 29, 1992

### Case No. (Law) 106925

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on the Defendant's motion to set aside the jury verdict rendered in this action. I have carefully considered the motion, briefs and arguments of counsel, as well as the applicable authority, and I find the following to be appropriate in this case.

This action was brought to recover damages sustained by the Plaintiff caused by the Defendant's breach of a written contract between the parties. On February 11, 1989, the Plaintiff was hired by the Defendant to manage the Defendant's secondary marketing department for a period of twelve months. The Plaintiff's primary responsibilities involved the brokering of mortgages and loans, at a profit, to investors, (which is known as "secondary marketing"). In June of 1989, after approximately four months of performance under this contract the Defendant terminated the Plaintiff's services. After a four day trial, the jury returned a verdict in favor of the Plaintiff in the amount of $126,548.87.

The focal point of controversy in this case was the appropriate amount of damages to which the Plaintiff was entitled. The terms of the contract called for two forms of compensation payable to the Plaintiff for services rendered under the contract. First, the Plaintiff was entitled to receive a management fee of $10,000 per month which was due and payable regardless of the commissions earned.[1]

---

[1] To the extent that the Plaintiff earned a monthly commission, the first $2,500. was considered part of the monthly management fee. *See* Paragraph E(1) of contract.

Second, the Plaintiff was entitled to receive commissions as calculated under section E(2) of the agreement, which stated:

> Commissions will be paid on gross margins upon loan funding. Gross margin is defined as gross fees collected minus the sales price. TCI will earn 20% of the gross margin exceeding 1.75% on spot and other builder loans, and 2.25% on Stanley Martin loans. For example, if two points are netted on a spot loan, TCI will earn 20% on .25%

The Defendant now moves to set aside the future commissions portion of the jury's verdict, which was based on Plaintiff's claim for future commissions between July, 1989, and February, 1990, as being too speculative and without supporting evidence. The Defendant argues, *inter alia*, that the Plaintiff's claim for future commissions is in fact a projection into the future of expected earnings and is too speculative to support a jury award of damages. This Court does not agree.

The Court is mindful that no recovery may be had for the lost profits of a new business due to the speculative nature of such profits, which often involve too many other contingencies to define a fixed amount of damages. *Carley Capital Group v. City of Newport News*, 709 F. Supp. 1387 (E.D. Va. 1989). However, the award of future commissions in the case at bar did *not* involve any projection of future earnings or speculation on the part of the jury. Rather, the jury examined the evidence of the actual loan transactions that were completed from the date of the breach until the end of the twelve month term, and made the appropriate calculations based upon the evidence. Further, upon reviewing the evidence and giving the Plaintiff the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom, this Court finds that the jury could have properly found that the loans closed within the disputed period were originated by the Plaintiff, either directly or by the marketing system that the Plaintiff had established on behalf of the Defendant. *T.M. Graves Coast, Inc. v. Nat. Cellulose Corp.*, 226 Va. 164, 169, 306 S.E.2d 898 (1983).

The contract between the parties provided a reasonably clear formula for determining the amount of commissions that the Plaintiff was entitled to receive for the duration of the contract. The Plaintiff provided sufficient evidence on a loan by loan basis to determine exactly what amount was due under the terms of the contract, and the

jury properly relied on this evidence to support their award in favor of the Plaintiff. The award was consistent with the object of the law in awarding damages, which is to make amends by putting the injured party in the same position, as far as money can do it, as he would have been if the contract had been fully performed. *Bryant v. Peckinpaugh*, 241 Va. 172, 400 S.E.2d 201 (1991). Accordingly, the Defendant's motion to set aside the verdict rendered by the jury in this action is denied.

For the reasons set forth above, the Court will enter an order reflecting the ruling herein, and enter a final order reflecting the jury's verdict in this action on July 31, 1992.