## CIRCUIT COURT OF THE CITY OF RICHMOND

A. L. Stratford et al.

v.

Jefferson Jones, Inc.,
Randolph Irby, et al.

October 10, 1995

Case No. LX-3410-1

BY JUDGE MELVIN R. HUGHES, JR.

This action arises out of a real estate contract for the sale of a residence. At the center of the dispute between the buyers (the Stratfords) and the sellers (the Irbys) is a statement on a flyer describing the property as coming with "a fenced back yard." A trial on the Stratfords' claim of fraud for recovery of the $2,000.00 deposit under the parties written contract and the Irbys' counterclaim for breach of contact due to the Stratford's failure to take the property took place on September 6, 1995. At the conclusion the court took the matter under advisement. The facts are as follows.

After becoming aware that the Irbys' property was for sale, the Stratfords read on a flyer sheet made by the Irby's agent that the property had a fenced-in back yard. They toured the home, observed the yard in the rear of the property, and thereafter entered into a written contract whereby they agreed to buy and the Irbys agreed to convey the residence. After the contract was executed, a survey of the property revealed that a five feet by one hundred feet strip inside the fence in the back yard is actually owned by the adjoining landowner and is not part of the property to be conveyed. Thereafter the parties attempted to resolve their differences without suc-

cess and the Stratfords refused to take the property. The Stratfords then brought suit against the Irbys claiming constructive fraud; the Irbys counterclaimed claiming breach of contract and damages.

A claim of actual fraud requires (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled on clear and convincing evidence. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148 (1994); *Bryant v. Peckinpaugh,* 241 Va. 172, 175 (1991). Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead but is made innocently or negligently although resulting in damage to the one relying on it. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148 (1994); *Nationwide Mut. Ins. Co. v. Hargraves,* 242 Va. 88, 92 (1991).

The Irbys have defended the Stratfords' claim contending that their property does indeed have a "fenced back yard" and therefore there is no misrepresentation. They argue they never represented that every bit of the area is theirs and never stated that the fence conformed to the property line. The survey showed, however, that a five feet by almost one hundred ten feet landscaped parcel on the southwest corner of the property, which was inside the fence, did not belong to the Irbys but rather to their neighbor. As can be seen on the survey, it was not the Irby's back yard that was fenced, but rather there was a fence on both their and their neighbor's back yard. Though the Irbys' yard enjoyed the reciprocal benefits of a fence on their neighbor's property their yard was not, in fact, fenced. The Irbys made an innocent though false representation that the residential property they were selling had a fenced-in back yard, implying that the property within that fence belonged to them, when it did not.

From the Stratfords' testimony, it is apparent that the fenced-in back yard was an important factor in their decision to buy the property. They stated the fence was important to them because they owned a dog. Mr. Stratford testified he thought the fenced yard "belonged to this house" and that "if the fence was moved over it would mean a great deal." The Stratfords also testified the strip of land inside the fence was important to them because it was landscaped and was integral to the overall look of the property. On the survey, the strip is oddly shaped (approximately five by one hundred feet) and is a sizeable portion of the backyard equalling approximately five hundred square feet.

Because this is a claim of constructive fraud, the plaintiff need not show that the misrepresentation was made with the intent to mislead. *Evaluation*

*Research Corp. v. Alequin*, 247 Va. 143, 148 (1994). Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud. *Moore v Gregory*, 146 Va. 504, 423 (1925); *Kitchen v. Throckmorton*, 223 Va. 164, 171 (1982).

From the Stratford's testimony, it is apparent that they relied on the statement in the flyer. When the seller makes a false representation which, from its nature, might induce the buyer to enter into a contract on the faith of it, it will be inferred that the buyer was thereby induced to contract. To remove this inference, the seller must prove either that the buyer had knowledge of facts which showed the representations to be untrue or that he expressly stated in terms or showed by his conduct that he did not rely upon the representations but acted on his judgment. *Grosh v. Ivanhoe Land, etc., Co.*, 95 Va. 161 (1897). The Stratfords are therefore entitled to a presumption of reliance. The Irbys have failed to rebut this presumption. The damage to the Stratfords is clear. They would have received approximately 500 square feet of land less than they believed they were purchasing. This land, due to the fact that it contained landscaping and a fence made it even more important. In *Leeds v. Munday*, 214 Va. 475, 478 (1971), the court said:

> The law is well settled that if one represents as true what is really false, in such a way as to induce a reasonable man to believe it, and the representation is meant to be acted on; and he to whom the representation is made, believing it to be true, acts on it, and in consequence thereof sustains damage, there is such fraud as will support an action for deceit at law, or a bill for rescission of the transaction in equity. Whether the representation is made innocently or knowingly, if acted on, the effect is the same. In the one case the fraud is constructive; in the other it is actual. *Mears v. Accomac Banking Co.*, 160 Va. 311, 321, 168 S.E. 740, 743 (1933).

For these reasons the Stratfords can recover the only damages they have claimed, the $2,000.00 deposit.

For the same reasons, the Irbys cannot recover on their claim for breach of contract. The Stratfords' claim of constructive fraud is a defense to the Irbys' claim that the Stratfords' failed to follow through on the contract and take the property. Therefore, the Irby's counterclaim must fail.