COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SHANNON L. KEETER-SHERLOCK
                                        MEMORANDUM OPINION*
v.    Record No. 2484-01-2                  PER CURIAM
                                          APRIL 30, 2002
KEVIN R. SHERLOCK


              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                      Thomas V. Warren, Judge

              (Judson W. Collier, Jr.; Hooker, Bode,
              Collier, Dickenson and Gardner, on brief),
              for appellant.

              (J. Thompson Cravens; J. Thompson Cravens &
              Associates, on brief), for appellee.


        Shannon L. Keeter-Sherlock (wife) appeals the decision of the

circuit court ruling that the separation agreement she and Kevin

R. Sherlock (husband) had entered into was obtained by fraud in

the inducement and, therefore, was null and void.  On appeal, wife

contends the trial court erred in concluding the agreement had

been obtained by fraud.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.[1]

See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Wife's Objection to Brief of Appellee is overruled, and
her request for sanctions and attorney's fees is denied.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties were married in 1987 and separated in 1999. Wife drafted a separation agreement and presented it to husband. Husband testified he believed the document was a final decree of divorce.  He refused to sign the document, and wife revised it several times.  Wife told husband, orally and in writing, that she would not use the document against him in court.

In May 2001, wife was involved in a car accident. Afterwards she again asked husband to sign the agreement.  Wife told husband she needed the signed agreement in order to obtain a loan to purchase a new automobile.  The couple met at a bank to sign the agreement, and four days later wife purchased a new car.

Husband testified wife was emotionally distraught during the meeting at the bank and that she fled the room.  He explained he then signed the agreement.  Wife met husband in the bank parking lot and told him she would use the agreement against him during their divorce proceedings.

After hearing evidence at a July 3, 2001 hearing, the circuit court determined wife had fraudulently induced husband

-

into signing the separation agreement and declared the agreement null and void.

## Analysis

"A trial court's determination, when based upon an ore tenus hearing, 'will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Richardson v. Richardson, 10 Va. App. 391, 397, 392 S.E.2d 688, 691 (1990).

To prove actual fraud, husband bore the burden to prove by clear and convincing evidence "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Bryant v. Peckinpaugh, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1993). See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998). Husband testified wife repeatedly informed him that she would not use the separation agreement in their divorce proceedings. Instead, she convinced husband that she needed the signed document in order to obtain a car loan. Only after husband signed the agreement did wife reveal to him that she planned to use the document against him. Wife admitted at the hearing that she told husband she would not use the agreement in any divorce proceedings and that she told him she wanted to reconcile. She also admitted she intended to divorce husband at the time they signed the document. Husband

-

explained he relied upon wife's assertions and only signed the document in order to help her obtain the loan.

The trial court believed husband's testimony and determined wife fraudulently induced him to sign the document. "Where the [trier of fact] has seen and heard the witnesses and assessed their credibility and the weight of their testimony, its determination of the facts will not be overturned on appeal unless it is plainly wrong or without evidence to support it." Yarbrough v. Commonwealth, 258 Va. 347, 364, 519 S.E.2d 602, 610 (1999). The trial court's ruling is supported by the evidence. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.