LILLIE E. WISWELL, administratrix, *vs.* EDWARD J. DOYLE.

Worcester.    October 4, 1893. — October 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Child — Negligence of Parent — Action.*

Although a mother may have been negligent in allowing her young child to be un-attended upon a public street, it does not necessarily follow that no recovery of damages can be had against one who negligently runs over it. Such recovery may be had if the child, while upon the street, has done nothing which would be deemed dangerous or lacking in due care, provided its movements had been directed by an adult person of reasonable prudence in charge of it.

Where the driver of a quiet horse stops in a narrow street for the purpose of con-versation, and the horse is standing still without showing any signs of restive-ness or impatience, and is under control, it is not necessarily careless for a young child to run or to be sent across the street in front of the horse.

TORT, for personal injuries occasioned to the plaintiff's intes-tate, Grace E. Wiswell, a child four years old, by the alleged negligence of the defendant. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. Thayer & H. W. Cobb,* for the plaintiff.

*R. Hoar,* for the defendant.

ALLEN, J.    The plaintiff's counsel, in the request for in-structions which was refused, assumed that the child's mother might be found to have been negligent; but his request was founded on the view that, although it was careless in the mother to allow her children to be upon the street unattended, still her negligence did not lead to the accident, as there was noth-ing in the conduct of the child herself which was inconsistent with due care.

It is certainly possible for a case to exist where, although it may be careless to let a young child go alone upon a street, yet

the child may have been injured by the carelessness of somebody else while it was in a place proper for young children to be, and while doing nothing likely to lead to its injury. When a child is too young to have any intelligence or discretion in regard to taking care of itself in a public street, and when it has carelessly been allowed to go there unattended, still while upon the street it may have done nothing which would be deemed dangerous or lacking in due care, provided its movements had been directed by an adult person of reasonable and ordinary prudence in charge of it, and yet it may have been hurt through the carelessness of another person. Under such circumstances, it may recover damages for the injury. *Lynch* v. *Smith*, 104 Mass. 52. *Gibbons* v. *Williams*, 135 Mass. 333. *Collins* v. *South Boston Railroad*, 142 Mass. 301. *Casey* v. *Smith*, 152 Mass. 294. *McGuiness* v. *Butler*, 159 Mass. 233. The plaintiff's request was in accordance with this view of the law, but the presiding justice declined to give it, stating in the bill of exceptions that he did not regard it as appropriate to the evidence in the case, or required by the state of the evidence.

In order to test the correctness of this refusal, let it be assumed that the mother was careless in allowing her children to go unattended upon the street, and that the children were both too young to have any judgment or discretion of their own. Under these circumstances, the plaintiff must be held to show that the child did nothing upon the street which would be deemed dangerous or careless if its movements had been directed by an adult person in charge who was of ordinary and reasonable prudence.

The plaintiff's evidence tended to show, and the jury would have been warranted in finding, that the children were across the street from their home, seeing others jump the rope; that the street was about fifty feet wide, and very frequently travelled; that the only carriages and horses at that time upon that part of the street were those of the defendant and of Webb; that just before the accident the defendant sat in his carriage looking back and talking with Webb, who was sitting in another carriage just behind; that there was one horse to each carriage, and both horses were standing still, and under control of their drivers; that the child started to run across the street just in

front of the defendant's horse while the horse was standing still, and when it got almost in front of the horse's head, the defendant, while looking behind him and talking with Webb, and without looking ahead, reined up his horse quickly and started up quickly, and ran over the child. We cannot say, as matter of law, that if a nurse or other competent person had been in charge of the child at the time, and had told it to run across the street in front of the defendant's horse, this would have been a careless or negligent thing to do. Teams are often stopped in the streets, sometimes in the middle, and perhaps oftener on the sides. The evidence tended to show that the defendant's horse was under control, and was not restive or impatient, and that it waited quietly, until the defendant started it up without looking to see if anybody was in the way. It seems to us that the view of the law involved in the request for instructions was not sufficiently expressed to the jury; that the evidence of the plaintiff was such as to entitle the plaintiff to have that doctrine stated to the jury with proper explanations; and that the plaintiff may have suffered from the omission to do so.* *Exceptions sustained.*

---

* The instructions requested were as follows: "It does not necessarily follow, because a parent negligently suffers a child of tender age to cross a street, that therefore the child cannot recover. If the child without being able to exercise any judgment in regard to the matter, yet does no act which prudence would forbid, and omits no act that prudence would dictate, there has been no negligence which was directly contributory to the injury. The negligence of the parent in such a case would be remote."

The instructions given upon this point were as follows: "In this case I do not think, and I know it would not be right for the court to say, as matter of law, that the mother was careless in allowing the child to be on the sidewalk. Or that the child itself was so negligent as not to be able to recover in this case. The court does not undertake to decide that. It is for you. . . . The law says, if the parent is careless and the carelessness of the parent contributed to the injury, then that is to affect the right of the child to recover as much as the carelessness of the child itself would. . . . Therefore, take the first part of this case and say as men with the experience that you have, the knowledge of children, and say whether or not this accident was caused by, or in part by, want of care on the part of that mother. If you find she did not exercise that degree of care which the law requires of a parent, and which parents of ordinary love and affection for children, and prudence and foresight and knowledge about childhood, would take under the circumstances, that is the care which this woman ought to have taken in this case, and you will decide whether she was or was not careless. Then as to the child

itself. Of course a child four years of age, from its inexperience and want of knowledge, the degree of care and the amount of care that you would expect of such a child would not be very great. They may exercise some care, and the degree of care is to be measured by the capacity of the child, and you are not to judge the child by the standard which you would apply to an adult. If the care or the carelessness of the mother and child, combined or separate, contributed to this injury, then this action cannot be maintained."