MATILDA MILLER *vs.* FLASH CHEMICAL COMPANY.
MEYER MILLER *vs.* SAME.

Suffolk.   March 18, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of child, Of one in charge of child, In use of highway.  *Evidence,*
Presumptions and burden of proof.  *Practice, Civil,* New trial.

It cannot be ruled as matter of law that a child six years of age is too young to be
alone and unattended upon a highway in a city and to pass from one side of a
street to the other while on the way to and from school.

In an action by a girl against a corporation to recover for personal· injuries
received by her when six years of age by being run into by a motor vehicle as
she was crossing a street in a city on the way home from school after she had
slipped away from a child in whose charge she had been put, the question,
whether the plaintiff was of an age capable of exercising due care for her own
safety, is for the jury.

The mere fact, that the plaintiff, in the action above described, "never went alone
to and from school but always was accompanied by some older person," does
not.conclusively establish the fact that the plaintiff was not capable of exercis-
ing due care for her own safety.

At the trial of the action above described, there was evidence that the plaintiff,
having hold of the hand of a child two years older, started to cross a public
street in a city; that there was no one else crossing the street at the .time and
that there were no vehicles upon the street at the time in that vicinity, except
the defendant's motor vehicle, which was about forty feet away at the child's.
left and "coming down fast in the middle of the street;" that, after the two
children had gone a few feet from the sidewalk, they separated and the plain-
tiff went on, unaccompanied, past the middle of the street and was about four
feet from the sidewalk on the other side when she was struck by the left hand
front wheel of the vehicle.  *Held,* that the question, whether the plaintiff ex-
ercised that degree of care which under the circumstances she ordinarily would
be expected to exercise, was for the jury.

Where, at the trial of the action above. described, the defendant asked for no
specific instructions and excepted only to the denial of a motion that a verdict
be ordered in his favor, and where the evidence warranted findings that the
plaintiff was capable of exercising due care in her own behalf and, when
injured, was exercising such care and the jury found for the plaintiff, it
is immaterial whether the provisions of St. 1914, c. 553, would apply to
an action for personal injuries received by a child not capable of caring for
herself.

In the above described action, the defendant excepted to the denial of a motion

for a new trial because of newly discovered evidence and the court *held* that the record showed no abuse of discretion by the judge in denying the motion.

TWO ACTIONS OF TORT, the first for personal injuries received when the plaintiff, a girl then six years of age, was crossing North Main Street in Providence, Rhode Island, from the easterly to the westerly side and was struck by a motor vehicle of the defendant going in a northerly direction. The second action was by the father of the plaintiff in the first for consequential damages. Writs dated June 1, 1915.

In the Superior Court the cases were tried together before *Keating*, J.

The material evidence is described in the opinion. At the close of the evidence the defendant moved that verdicts be ordered for it in both actions. The motions were denied. The defendant asked for no specific instructions. The jury found for the plaintiff in the first action in the sum of $12,500 and for the plaintiff in the second action in the sum of $1,000. Motions for a new trial were filed by the defendant, as described in the opinion. In the second action, the plaintiff remitted all but $200 of the verdict. The motions then were denied. The defendant alleged exceptions.

A supplemental brief filed by the defendant in this court stated, among other things, that "The defendant does not contend that the jury could not have found the defendant's chauffeur negligent."

*E. C. Stone*, for the defendant.

*J. H. Vahey*, (*S. K. Casson* & *P. Mansfield* with him,) for the plaintiffs.

CARROLL, J. These are two actions of tort, — one for personal injuries received by Matilda Miller (hereinafter called the plaintiff), a child six years of age, on June 15, 1914, in Providence, Rhode Island, through the alleged negligence of the defendant's servant in operating an automobile truck. The other action is by her father for consequential damages. Verdicts were returned for the plaintiffs.

There was evidence that the plaintiff never went alone to or from school, but always was accompanied by her sister Rose, eleven years of age. On the day of the injury Rose remained in school and asked Anna Zucca, a child two years older than the plaintiff, "to take Matilda home." It was agreed that Anna, if

present, would testify: "We came along North Main Street together and got off the sidewalk. . . . I let go of her hand after we walked a few steps on the street; . . . when I let go of her hand I started to run, and I thought she would run after me, . . . I . . . did not know anything happened to her until I had got home." There was evidence that when the plaintiff started to cross from the easterly to the westerly side of the street, it was clear of vehicles except the defendant's automobile, and the only people crossing the street were the two children; that the automobile was forty feet away, "coming down fast" in the middle of the street and going in the direction of Pawtucket; that the plaintiff was struck by the forward left hand wheel when about four feet from the sidewalk on the westerly side of the street.

A child may be so young in years and incapable of exercising care that it is negligence on the part of her parents or custodian to permit her to be alone on the street; and if, when unattended, the child is injured by the negligence of a third person, when an adult exercising ordinary care would not have been hurt, she cannot recover, — the negligence of the person having her in charge being imputed to her. *Casey* v. *Smith*, 152 Mass. 294. But even if the parents, or those having the control of such a child, are negligent in allowing her to go unattended upon a public highway, and she did nothing which would be considered careless if her movements were directed by an adult person of ordinary prudence, she can recover damages for an injury sustained by the negligence of another. *Wiswell* v. *Doyle*, 160 Mass. 42. It cannot be said as matter of law that a child six years of age is too young to be alone and unattended upon the highway and to pass from one side of a street to the other, while on her way to and from school. This is a question of fact for the jury to decide. See *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126. If the plaintiff was old enough to care for herself and the defendant negligently injured her, she has the right to recover for her injuries, provided it was found she exercised that degree of care and caution which was to be expected of a child of her years. *Collins* v. *South Boston Railroad*, 142 Mass. 301. *McDermott* v. *Boston Elevated Railway, supra.*

There was evidence that the plaintiff never went alone to or

from school. Even if the jury believed this, they could find she was capable of caring for herself and used the common care of a child six years of age. *McNiel* v. *Boston Ice Co.* 173 Mass. 570, and cases cited. Cases like *Messenger* v. *Dennie,* 137 Mass. 197; *S. C.* 141 Mass. 335; *Mills* v. *Powers,* 216 Mass. 36; *Garabedian* v. *Worcester Consolidated Street Railway,* 225 Mass. 65, where there was an entire absence of care and the plaintiff's own negligence was a bar to recovery, are not applicable.

. When the plaintiff was a few feet from the sidewalk on the right hand side of the street, facing Pawtucket, she was alone: her custodian had left her. She crossed this side of the street in safety and went upon the opposite side and when near the sidewalk was run down by the defendant's automobile, "going very fast." On these facts it was for the jury to say whether the child failed to use the care which under the circumstances she would ordinarily be expected to exercise.

The injury happened June 15, 1914. St. 1914, c. 553, was then in force. The defendant concedes that while the accident happened in Rhode Island, the statute relates to a matter of procedure or remedy, and the law of the forum controls; and contends, relying on *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, that the presumption of due care by a person injured or killed, created by the statute, does not extend to the person who is the custodian of an injured child. No specific instruction was asked for on this question and the case is before us on motion to direct a verdict for the defendant.

At common law, irrespective of the statute, the jury could find that the plaintiff was not too young to be unattended, and when injured was not in the custody of the elder girl, but was alone and was using proper care, under all the circumstances of the case. They could also find that Anna Zucca was a proper custodian and, in view of her age, no act of hers in controlling the movements of the plaintiff, contributed to the injury. It is therefore unnecessary to consider this question, now raised by the defendant.

There was evidence, if believed, that the driver of the automobile could have avoided the injury; that he was " coming down fast" and was on the wrong side of the highway. But there was also evidence to the contrary, and the jury could have found the

driver did everything possible to avoid the collision.   His negligence was a question for them to decide.

The defendant filed two motions for a new trial, — one because the verdict was against the evidence and the weight of the evidence, the other on the ground of newly discovered evidence. The judge was not bound as a matter of law to grant a new trial because of newly discovered evidence, and we find nothing to show an abuse of his discretion.   *Powers* v. *Bergman,* 210 Mass. 346.   *Manzigian* v. *Boyajian,* 183 Mass. 125.

*Exceptions overruled.*