HENRY S. MILLAY *vs.* TOWN TAXI, INC.

Suffolk.    March 23, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence*, Contributory, In use of motor vehicle, In use of public way. *Practice, Civil*, Requests, rulings and instructions, Exceptions.

No exception lies to the refusal of a judge presiding at a trial to grant requests for rulings which single out certain aspects of the evidence for special comment and emphasis.

At the trial of an action against a corporation for personal injuries caused when the plaintiff, while standing in a public way, was backed into, knocked down and run over by a motor cab alleged to have been operated negligently by an employee of the defendant, there was evidence tending to show that, while, in mid-afternoon of a day in June, the plaintiff was walking through a public alley in Boston, "looking straight ahead with an unobstructed view to" a public street, he "heard some one call".him and thereupon he turned to one side of the alley, and was standing in the way near the sidewalk talking to the person who had called him, when a taxicab driven by the defendant's employee backed into the alley without giving any warning of its approach, struck and knocked him down, backed on to his chest and then was driven away. *Held*, that

(1) It could not have been ruled as a matter of law that the plaintiff was careless, it being for the jury to say whether his acts when he was injured were naturally incident to ordinary human affairs and consistent with an intention on his part to continue upon and over the street for the usual purposes of travel, and he having a right to assume that travellers by automobile would not, without giving some possible warning, run him down;

(2) The credibility of testimony of witnesses for the defendant explaining his employee's conduct was for the jury;

(3) A finding of negligence on the part of the defendant's employee was warranted.

TORT for personal injuries resulting from the plaintiff being backed into, knocked down and run over by a motor cab alleged

to have been driven negligently by an employee of the defendant. Writ dated October 15, 1919.

In the Superior Court, the action was tried before *Bell,* J. Material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence, the plaintiff is not entitled to recover.

"2. Upon all the evidence, there is no evidence of any negligence of the defendant's agents or servants, and therefore the plaintiff cannot recover.

"3. The testimony of the plaintiff, if believed, shows that as a matter of law, he was not in the exercise of due care.

"4. If the plaintiff suddenly stepped across the path of the oncoming automobile so that the operator was unable to prevent a collision, his action in so doing, amounts to contributory negligence on the part of the plaintiff, and he cannot recover.

"5. The jury may find that the plaintiff is guilty of contributory negligence from the fact that the plaintiff left a safe part of the way, and attempted to traverse a dangerous part, without taking any proper precautions.

"6. That the plaintiff stepped backward into the street without looking to see whether vehicles were approaching, is evidence of negligence on the part of the plaintiff.

"7. If the plaintiff stepped backward from the sidewalk into the street without looking or taking precaution to prevent an accident, he was guilty of negligence and contributed to the injury by his own act.

"8. The chauffeur is not bound to anticipate that the plaintiff will suddenly step into the path of the moving taxicab.

"9. If the jury find that the chauffeur of the defendant, observing the plaintiff and witness Purdy standing on the sidewalk engaged in conversation, sounded his horn, and continued to back his car at a slow rate of speed, and the plaintiff made no motion to step from the sidewalk until the taxicab reached the point where the plaintiff was standing, and that the plaintiff did step back into the roadway at precisely that moment, and that the taxicab struck the plaintiff, and knocked him down, the occurrence was a pure accident for which the defendant is not liable."

At the close of the charge, the judge stated to the jury:

"At the request of the defendant and without objection by the plaintiff, I state this to you as the law: If the plaintiff stepped backward from the sidewalk into the street, without looking, or taking precaution to prevent an accident, he was not in the exercise of due care and cannot recover. . . . If the plaintiff stepped back from the sidewalk to that portion of the street set aside for vehicles without being forced so to do, or without any reasonable cause therefor, and without taking precautions to avoid contact with any passing vehicles, he took the chances of contact with any object that might be outside of the sidewalk and for the effects of that contact he cannot recover."

Otherwise, the requests of the defendant were refused. There was a verdict for the plaintiff in the sum of $4,200; and the defendant alleged exceptions.

*T. F. Quinn*, for the defendant.

*W. W. Clarke*, for the plaintiff.

BRALEY, J. We perceive no error in the refusal of the judge to give the defendant's requests, in so far as they were not covered by the instructions, which singled out certain aspects of the evidence for special comment and emphasis; and the two remaining requests, that on all the evidence the plaintiff could not recover, and that there is no evidence "of any negligence of the defendant's agents or servants," present the remaining and substantial questions for decision. *Hicks* v. *New York, New Haven & Hartford Railroad*, 164 Mass. 424. *Hopkins* v. *O'Leary*, 176 Mass. 258. *Commonwealth* v. *Min Sing*, 202 Mass. 121.

The jury would have been warranted in finding that the plaintiff, while in mid afternoon of a day in June, walking through Haymarket Court toward Avery Street in the city of Boston, "looking straight ahead with an unobstructed view to Avery Street . . . heard some one call" him. He thereupon turned to the west side of the alley and stopped where one Purdy was standing on the sidewalk and as he stood in the public way near the sidewalk talking with Purdy a taxicab driven by the defendant's employee backed into the alley without giving any warning of its approach, struck and knocked him down, backed on to his chest and then was driven away.

It could not have been ruled as matter of law that the plaintiff was careless. It was for the jury to say whether his acts when

he was injured were naturally incident to ordinary human affairs, and consistent with an intention on his part to continue upon and over the street for the usual purposes of travel. *Britton* v. *Cummington,* 107 Mass. 347. *Hunt* v. *Salem,* 121 Mass. 294. He also had a right to assume that travellers by automobile would not, without giving some possible warning, run him down. *Hennessey* v. *Taylor,* 189 Mass. 583, 586. It is true that the defendant offered evidence tending to show that the driver backed the cab a short distance into the street, and then stopped as another automobile "was coming down" the street, but on receiving a signal from the driver to continue, he blew his horn, and backed slowly into Haymarket Court watching through the rear window of the cab. And when he came to the place where the plaintiff and Purdy were standing, the plaintiff suddenly stepped back placing one foot in the street and the other foot on the sidewalk so that he stood within the path of the cab, which struck and rolled him over. The credibility of the witnesses however was for the jury who could accept the plaintiff's account of the accident and reject the explanation of the defendant. *Hennessey* v. *Taylor, supra. Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 319.

The case was properly submitted to the jury and the exceptions must be overruled.

*So ordered.*