ARTHUR R. SMITH *vs.* MATTHEW P. WHITTALL & others.

Worcester. September 28, 1926. — October 21, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle.

Where, at the trial of an action by a boy against the owner of a motor truck for personal injuries, it appeared that, as the plaintiff and a companion were walking up a hill between ruts eight or nine inches deep in snow on a street where there was no sidewalk, the defendant's truck passed them and the driver saw them. There was evidence for the plaintiff that, after the truck had passed, the boys travelled behind, walking between the ruts, when the truck suddenly stopped and without any warning backed six to ten feet, running over the plaintiff's leg. The driver testified that it was "tough going," there being ice at the bottom of the ruts; that he shifted from second into low gear; that the truck did not slip back when he did so; "if you left it go and didn't catch it, it would go back." *Held,* that

(1) The plaintiff had the right to assume that the truck would continue to move forward and not backward, and that if it moved backward the horn would be blown;

(2) It was the driver's duty to use the way with due regard to the presence of the plaintiff behind the truck;

(3) The questions of negligence of the plaintiff and of the driver were for the jury.

TORT for personal injuries. Writ dated March 14, 1923.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved in writing that a verdict be ordered in their favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,000. The defendants alleged exceptions.

*S. B. Milton*, (*C. C. Milton* with him,) for the defendants.

*L. E. Stockwell*, (*G. R. Stobbs* with him,) for the plaintiff.

BRALEY, J. This is an action of tort for personal injuries suffered by the plaintiff from contact with a truck driven by an employee of the defendants. The jury returned a verdict for the plaintiff and the case is here on the defendants' exceptions which recite all the material evidence. It is contended that the plaintiff was careless and that no negligence of the defendants' employee was shown. If not expressly conceded, it was not disputed, that the plaintiff, a boy six years old, drawing a sled, and a playmate aged six, rolling a bicycle tire, were travelling on Jerome Avenue in the town of Auburn going from his companion's home to the plaintiff's house. There were no sidewalks and the part used for travel which was about nine or ten feet in width was on the day of the accident filled with heavy snow from two to two and a half feet in depth which had been there for a week or more. By reason of these conditions there were two large ruts eight or nine inches deep, which were used by vehicles. A light snow also was falling and at the place of contact the street ran uphill. The boys were walking between the ruts when the truck went by. The evidence however as to what followed was contradictory. The driver of the truck, a witness for the defendants, testified that as he drove over the hill he passed "these two boys." The plaintiff with a sled, who was on the right of the automobile, said, "Do you want a push?" The truck did not stop or run back until it was backed into another street "to get off the road so if

anything else was going up"; that upon hearing the plaintiff "crying out down the road" he "went down there" and found the plaintiff lying across on the right hand side as he was going up, about twelve to eighteen inches away from the rut, and asked the plaintiff's companion, "How did he get hurt?" The reply was, "He was running, pushing against the machine, and he slipped."

If this were the only evidence the plaintiff had no case. His own conduct caused his injuries. But the jury also were to pass upon the testimony of the boys. If they were believed, the plaintiff neither ran with, nor pushed the truck. It could be found that after it had passed they travelled behind, walking between the ruts when the truck suddenly stopped and without any warning backed six to ten feet running over the plaintiff's leg. The jury could say that the driver knew or in the exercise of ordinary care should have known that the plaintiff was in the rear of the truck, and that he must use the way as it was then whether he continued up the hill or decided to return to his own house. The jury also could consider the driver's further statements "that it was tough going for the snow was slippery; that the ruts were simply snow, and that there was ice down at the bottom; that there was wet snow on top. . . . it was a pretty good climb that day for the truck" and he "shifted from second into low; that it doesn't take long to shift into second; that his truck did not slide back when he shifted into low . . . that he threw in his clutch and pulled the lever and went on; that he couldn't see how it could slide back. 'Q. Well you could slide back if you were not able to get it directly into low? A. Yes, if you left it go and didn't catch it it would go back.' " The plaintiff had the right to assume that the truck would continue to move forward and not backward, and that if it moved backward the horn would be blown. If the plaintiff's version of what happened was believed, it is settled by *Dowd* v. *Tighe*, 209 Mass. 464, and *Millay* v. *Town Taxi, Inc.* 242 Mass. 314, that the questions posited were for the jury.

*Exceptions overruled.*