STANLEY SLORA, administrator,. *vs.* STREETER & SONS CO.

Worcester.  September 24, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In use of highway, Contributory, Of child.

At the trial of an action by an administrator for causing the death of a boy nine years and three months of age, who was run over on a street by a sand wagon driven by an employee of the defendant, there was evidence that just previous to the accident an automobile had stopped on the street and a man had thrown out chewing gum for the children; that there was a crowd of thirty or more people there and the plaintiff's intestate was among them; that the defendant's wagon was standing still at the curb; that the driver had seen the gum thrown on the street and children picking it up; that the intestate saw a package of gum under the wagon, waited a little and then while on the sidewalk stooped over to get the gum; that as he stooped over the wagon backed up, knocked him down, and went over his arm; that the .driver had not looked around, before backing up, to see if any one was near the rear of the wagon; that a witness shouted to the driver to stop; that he did not stop but "backed a second time and went all over" the boy's "body and half of it." *Held,* that

(1) The evidence warranted a finding that the driver of the wagon ought to have known that children in their search for the gum might get into a place of danger with reference to a possible movement of his wagon, and that it was negligence on his part not to have looked and ascertained whether there were children so situated before he moved his wagon in any direction;

(2) It could not be said as a matter of law that the plaintiff's intestate was guilty of contributory negligence;

(3) A verdict for the plaintiff was warranted.

TORT, for causing the death of the plaintiff's intestate, Benjamin Slora. Writ dated January 26, 1926.

In the Superior Court, the action was tried before *Donahue,* J. Material evidence is stated in the opinion. A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*E. Brown,* for the defendant.

*K. A. Campbell, Jr.,* (*L. E. Stockwell* with him,) for the plaintiff.

PIERCE, J.   This is an action of tort brought by the administrator of the estate of Benjamin Slora, under G. L. c. 229, § 5.   The case is before this court on exceptions to the refusal by the trial judge, on the written motion of the defendant, to direct a verdict in its favor at the close of the evidence and before argument.   The bill of exceptions contains all the material evidence.   The jury found for the plaintiff.

Shortly stated the evidence most favorable to the plaintiff is in substance as follows: The intestate when killed at about four o'clock on the afternoon of September 24, 1925, was nine years and three months old; he was a bright boy for his age, well nourished, and stood high in classes.   It was not disputed that he was crushed and killed without conscious suffering by the right rear wheel of the defendant's sand wagon, drawn by a pair of horses, the wheel going about half way over his body.   It was agreed at the trial that the driver of the sand wagon was acting within the scope of his employment.

There was evidence that about four o'clock in the afternoon there was a crowd of thirty or more people on Millbury Street, near Richland Street, in the city of Worcester; that the intestate was in the crowd; that an automobile was stopped on Millbury Street and "a man [was] throwing gum into the street out of the window for the kids to get"; that the "kids were looking everywhere for gum"; that the intestate with another boy went up Millbury Street looking for it; that the intestate saw a package of gum under the sand wagon which was standing near the gutter on the westerly side of Millbury Street and, followed by another boy, he ran across the street to the sidewalk and to the rear of the wagon; that he waited a little and then while on the sidewalk stooped over to get the gum; that the wagon during all this time was standing still, by the curb; that as he stooped over the wagon backed up, knocked him down, and went over his arm; that a witness shouted to the driver to stop; that he did not stop but "backed a second time and went all over his body and half of it."   The driver testified that he saw the "gum team throwing gum around in the street at

five minutes past four when the gum team was going by him in the Square." In answer to the question "Who did pick up the gum there?" he said, "Kids around." He further testified he did not look around to see if there was any one near the rear of his wagon. Much of the evidence above referred to was in large part denied by witnesses called by the defendant.

The evidence warranted the further inferential finding that the driver knew that there was gum scattered in Millbury Street as well as at the Square for children to pick up, and that he knew that it was scattered in the vicinity of his wagon at the place where it was standing; and it warranted the further finding that he ought to have known that children in their search for the gum might get into a place of danger with reference to a possible movement of his wagon, and that it was negligence on his part not to have looked and ascertained whether there were children so situated before he moved his wagon in any direction. *Dowd* v. *Tighe*, 209 Mass. 464.

On the question of the contributory negligence of the intestate it cannot be said as matter of law that he did not exercise the degree of care which a child of his age is required to exercise in circumstances similar to these here presented. *Dowd* v. *Tighe, supra. McDonough* v. *Vozzela,* 247 Mass. 552. *Smith* v. *Whittall,* 257 Mass. 306, 308.

*Exceptions overruled.*