### NATHAN WILGOREN vs. EDITH W. PELTON.

Middlesex.   January 10, 1929. — January 11, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT & SANDERSON, JJ.

*Negligence,* In use of way, Motor vehicle.

At the trial of an action of tort for damage to an automobile of the plaintiff, there was evidence that an automobile of the defendant was parked on a way in front of the plaintiff's automobile and three feet behind a third automobile; and that, in trying to get out of the parking space, the defendant backed into the plaintiff's automobile, of the presence of which he was aware.   *Held,* that there was evidence of negligence on the part of the defendant.

TORT.   Writ in the District Court of Somerville dated December 6, 1927.

Material evidence at the trial in the District Court is stated in the opinion.   The trial judge found for the plaintiff in the sum of $68.55 and reported the action to the Appellate Division for the Northern District.   The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*G. W. Roberts & J. H. Vahey, Jr.,* for the defendant.

*J. F. A. Daly & J. R. Fuller,* for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for damages alleged to have been caused to the property of the plaintiff by the negligence of the defendant.   The only question argued by the defendant relates to her negligence.   There was evidence tending to show damage to an automobile of the plaintiff while at the curb on a public street, where it had been left not more than fifteen minutes on a November afternoon.   The connection of the defendant with the injury came from her own testimony to the effect that she was driving an automobile which "backed into" that of the plaintiff; that there was a distance of about three feet between her automobile and one directly ahead, and that she backed into the automobile in the rear in trying

to get out of the parking space.   Manifestly this was evidence sufficient to justify a finding of negligent operation on the part of the defendant.   The defendant was aware of the location of the automobile of the plaintiff.   Whether, in the exercise of reasonable caution, she ought to have avoided a collision, was a question of fact.   *Commonwealth* v. *Horsfall*, 213 Mass. 232, 235.   *Smith* v. *Whittall*, 257 Mass. 306, 308.

*Order dismissing report affirmed.*