EDWARD MINSK vs. JOSEPH PITARO.

Plymouth.    January 9, 1933. — September 15, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, Due care of person in charge of child, Proxi-
mate cause.  *Evidence*, Presumptions and burden of proof.  *Practice,
Civil*, Appeal, Findings by judge.

The backing of any vehicle entails more or less limitation on the driver's
view of the area to be traversed and thus requires corresponding vigi-
lance on his part to avoid causing injury to persons who are known
to be, or likely to be, in that area, whether the vehicle is being backed
on a public street or on private land.  Per DONAHUE, J.

At the hearing in a district court of an action of tort for personal in-
juries sustained by a child about three years and eight months of
age while riding a tricycle on a concreted area in the yard at the side
of the house where he lived, the judge at the request of the defendant
ruled that "A child of the age of the plaintiff is presumed as a matter
of law not to possess sufficient discretion to exercise due care for
himself."  The plaintiff did not object to the ruling, and the action
was tried and decided on the theory of law that the plaintiff in the
circumstances shown was incapable of exercising any care for his own
safety.  Upon appeal from an order by an appellate division dis-
missing a report by the trial judge, who found for the plaintiff, it
was *held*, that this court upon the record was not required to pass
upon the correctness of the quoted ruling.

In the circumstances above described, the plaintiff was not aided by
G. L. (Ter. Ed.) c. 231, § 85.

The report of the trial judge to the Appellate Division in the action
above described included the statement that it contained "all the
evidence material to the questions reported."  It contained no evi-
dence to indicate that any one was immediately in charge of the plain-
tiff at the time of his injury, or to show when, last before that event,
any custody or supervision had been exercised over him.  In it was
recited evidence in substance that the area where the plaintiff was
when injured extended from a public way to a repair shop conducted
by the plaintiff's father at the rear of the premises; that a part of it
was available for use by drivers of automobiles who had occasion to
go to and from the repair shop, and that it was so used "quite fre-
quently"; that the defendant drove his automobile to the shop to
make inquiry as to repairs and backed out after looking in the rear
and not seeing the plaintiff; that he had seen children around when
he drove in; that he "backed out at an angle," fast, and not "like

the rest of the machines"; and that he struck the plaintiff forty feet from the shop. There was no evidence that he looked behind after he started to back. There was a general finding for the plaintiff but no specific finding respecting due care of the plaintiff's parents or custodian or that the plaintiff himself did or did not do anything which would be deemed dangerous or careless if his movements were at the time directed by a prudent adult person. At the request of the defendant, the judge ruled that the burden was on the plaintiff to show that his custodian was in the exercise of due care. *Held,* that

(1) A finding that the defendant was negligent was warranted;

(2) There being no evidence of. use of the area where the plaintiff was injured comparable to the use ordinarily made of a street, it was proper for the trial judge to refuse to rule that "The presence of the plaintiff unattended on the driveway involved in this accident is *prima facie* evidence of negligence of the person having custody of the plaintiff";

(3) It also was proper to refuse a ruling that "If the plaintiff's parents permitted him to play on the driveway unattended, then as a matter of law the parents must be found to have been negligent";

(4) The judge erred in denying a request that he rule that there was "no evidence that the custodian of the plaintiff was in the exercise of due care";

(5) If the judge had made the finding, which the evidence warranted, that the plaintiff had sustained the burden of proving that he did nothing which would be deemed dangerous or careless if his movements had been directed by an adult person in charge who was of ordinary and reasonable prudence, the general finding for the plaintiff would have been warranted; but, the record showing no such specific finding, this court on the report was unable to say whether the general finding for the plaintiff was based on such a finding or on a conclusion that the plaintiff's parents or custodian had exercised due care, which conclusion was not justified by the evidence reported;

(6) In the circumstances it could not be said that the error in refusing to rule that there was "no evidence that the custodian of the plaintiff was in the exercise of due care" was not prejudicial;

(7) The order of the Appellate Division was reversed and the case was remanded to the District Court for a new trial.

TORT. Writ in the District Court of Brockton dated November 25, 1931.

In the District Court, the action was heard by *Thorndike,* J. Material evidence and rulings and findings by the trial judge are described in the opinion.

The defendant asked for rulings, which, with the action of the judge thereon, were as follows:

"1. Plaintiff has failed to prove that the defendant was

negligent." "Refused. I find on the facts that the defendant was negligent."

"2. A child of the age of the plaintiff is presumed as a matter of law not to possess sufficient discretion to exercise due care for himself." "Granted as a matter of law."

"3. The presence of the plaintiff unattended on the driveway involved in this accident is *prima facie* evidence of negligence of the person having custody of the plaintiff." "Refused. I take into consideration the presence of plaintiff unattended in the driveway in connection with all the other evidence."

"4. If the plaintiff's parents permitted him to play on the driveway unattended, then as a matter of law the parents must be found to have been negligent. Sullivan v. Chadwick, 236 Mass. [130 at page] 131." "Refused on the ground that the facts in this case were not the same as in the Chadwick [*sic*] case as to the place in which the child was left to play and the length of time it was left alone."

"5. Custodians of children are not presumed to have been in the exercise of due care and are not aided in this respect by the 'due care statute.'" "Granted."

"6. The burden is on the custodian of the plaintiff to show that said custodian was in the exercise of due care." "Granted."

"7. There is no evidence that the custodian of the plaintiff was in the exercise of due care." "Refused."

"8. On all the evidence the custodian of the plaintiff was negligent and such negligence is imputed to the plaintiff." "Refused."

The judge found for the plaintiff in the sum of $450 and reported the action to the Appellate Division for the Southern District. The report contains the statement: "This report contains all the evidence material to the questions reported."

The report was ordered dismissed and the defendant appealed.

*F. P. Hurley & J. E. Norris*, for the defendant, submitted a brief.

*M. Shapira*, for the plaintiff.

DONAHUE, J. The plaintiff, a boy about three years and eight months old, was injured while riding a tricycle on a concreted area in the yard at the side of the house where he lived. This area was about twenty-five feet wide, and extended from the street to a repair shop conducted by the plaintiff's father at the rear of the premises. The defendant while backing his automobile from the repair shop to the street struck and injured the plaintiff. The case was heard by a judge of a district court who found for the plaintiff and at the request of the defendant reported it on rulings made and refusals to rule as requested to the Appellate Division where an order was made for the entry of "Report dismissed." The defendant has appealed to this court.

The defendant drove upon the premises to make inquiry as to repairs on his automobile and stopped in the driveway of the repair shop in such position that it was necessary for him to back out. Before starting to back he looked to the rear but did not see the plaintiff. There was evidence from which it might have been found that the defendant's automobile struck the plaintiff at a point about forty feet from the shop and there was no testimony from the defendant or any one else that he looked behind again after starting to back. There was evidence that he "backed out at an angle," fast, and not "like the rest of the machines" although he had seen two or three boys around when he drove in. The backing of any vehicle entails more or less limitation on the view by the driver of the area to be traversed and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be, or likely to be, there, whether the vehicle is being backed on a public street or on private land. *Dowd* v. *Tighe*, 209 Mass. 464. *Noonan* v. *P. M. Leavitt Co.* 238 Mass. 481. *Millay* v. *Town Taxi, Inc.* 242 Mass. 314. *Smith* v. *Whittall*, 257 Mass. 306. *Slora* v. *Streeter & Sons Co.* 264 Mass. 586. *Wilgoren* v. *Pelton*, 266 Mass. 17. In the situation which on the evidence might be found to have existed the finding of the trial judge that the defendant did not exercise the requisite vigilance was warranted.

The judge ruled as requested by the defendant that "A

child of the age of the plaintiff is presumed as a matter of law not to possess sufficient discretion to exercise due care for himself." A child may have the capacity to exercise care for his own safety in the familiar and lesser dangers of his own yard and not have the capacity to cope with the strange and greater dangers of a public street. We are, however, not required to pass upon the correctness of the quoted ruling because the plaintiff made no objection to it and because the case was tried and decided on the theory of law that the plaintiff was incapable of exercising any care for his own safety while playing in the yard at the side of the house where he and his parents lived. Since the plaintiff is to be taken to have been incapable of exercising care for his own safety in the situation where he was, he is not aided in the establishment of a case against the defendant by G. L. (Ter. Ed.) c. 231, § 85, which makes contributory negligence on the part of the person injured an affirmative defence. *Stachowicz* v. *Matera,* 257 Mass. 283.

The judge rightly refused to give the defendant's third request for a ruling that "The presence of the plaintiff unattended on the driveway involved in this accident is *prima facie* evidence of negligence of the person having custody of the plaintiff" and the defendant's fourth request for a ruling that "If the plaintiff's parents permitted him to play on the driveway unattended, then as a matter of law the parents must be found to have been negligent." Language similar to that in the request first quoted may be found in cases where injury has been received by a very young child who has strayed away from home and come unattended upon a public street. *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283. *Sullivan* v. *Chadwick,* 236 Mass. 130, 134. But those are not the circumstances in the present case. The plaintiff was not on the street but on the premises of his parents, at the side of the house where the family lived and on a concrete surface covering the area twenty-five feet wide between the house and a fence which marked the boundary of the lot. A part of this area was available for use by drivers of automobiles who had occasion to go to and from the repair shop but all that

appears as to the extent of such use was that it was used "quite frequently." It was in no wise comparable to the use ordinarily made of a street. From all the evidence the judge was warranted in finding that the area in question was a place where a child of the occupants of the house although he was incapable of exercising care for his own safety might under adequate supervision properly be given an opportunity to play. We do not think it could have been ruled that as matter of law his parents were negligent if they permitted him to play there without actual attendance if he was under proper supervision.

There was no evidence to indicate that any one was immediately in charge of the plaintiff at the time of his injury, or when, last before that event, any custody or supervision had been exercised over him. Although the evidence did not warrant the finding that the plaintiff had sustained the burden of proving that his parents exercised due care and even if it had affirmatively appeared that they did not exercise such care and were negligent in leaving him to play in the yard, the plaintiff would not be barred from recovery if such negligence were not the proximate cause of his injury. *Lynch* v. *Smith*, 104 Mass. 52. "When a child is too young to have any intelligence or discretion in regard to taking care of itself in a public street, and when it has carelessly been allowed to go there unattended, still while upon the street it may have done nothing which would be deemed dangerous or lacking in due care, provided its movements had been directed by an adult person of reasonable and ordinary prudence in charge of it, and yet it may have been hurt through the carelessness of another person. Under such circumstances, it may recover damages for the injury." *Wiswell* v. *Doyle*, 160 Mass. 42, 43. *Gibbons* v. *Williams*, 135 Mass. 333, 335, 336. *McNeil* v. *Boston Ice Co.* 173 Mass. 570, 577. *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 421. *Stachowicz* v. *Matera*, 257 Mass. 283, 284. The plaintiff in this case was not on a public street but was in his own yard, and no rule less favorable to him is to be applied. On scanty evidence we are of the opinion that the judge would have been warranted in finding that the

plaintiff had sustained the burden of proving that he "did nothing . . . which would be deemed dangerous or careless if . . . [his] movements had been directed by an adult person in charge who was of ordinary and reasonable prudence." *Wiswell* v. *Doyle*, 160 Mass. 42, 43. If this finding had been made and if the defendant were negligent the plaintiff would be entitled to recover, but it is not clear that the judge made such a finding and decided the case on that basis. He made a general finding for the plaintiff but no specific finding of negligence of the plaintiff's parents or custodian or that the plaintiff himself did or did not do anything which would be deemed dangerous or careless if his movements were at the time directed by a prudent adult person. The judge granted the defendant's sixth request: "The burden ʾ⁓ on the custodian of the plaintiff to show that said custodian was in the exercise of due care" which may be taken to be a ruling that the burden was on the plaintiff to prove the due care of his custodian. He denied the defendant's seventh request: "There is no evidence that the custodian of the plaintiff was in the exercise of due care." There being no evidence at all as to any supervision or control over the plaintiff having been exercised at any time by anybody, the request last quoted should have been granted. We are unable from the report to say whether the general finding for the plaintiff was based on a conclusion that the plaintiff's parents or custodians were not negligent, which conclusion was not justified, or upon the finding that the conduct of the plaintiff himself would not have been dangerous or careless if directed by a prudent adult, which finding was warranted by the evidence. We cannot say that the refusal to give the defendant's seventh request was not prejudicial to the defendant. Since upon the record we cannot order final disposition of the case there should be a new trial (*Franca* v. *Rubin*, 268 Mass. 590, 594).

> *Order dismissing report reversed.*
> *Case to stand for a new trial.*