LEON CHESSMAN THOMAS, executor, *vs.* RAY SPINNEY.

SAME *vs.* LOVELL BUS LINES, INC.

Norfolk.    January 6, 1942. — January 28, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way. *Evidence,* Presumptions and burden of proof.

Evidence warranted a finding of negligence of the operator of a motor bus which struck and killed an elderly pedestrian while the operator was backing it across a public sidewalk at night, although the precise manner in which the contact occurred was not shown.

TWO ACTIONS OF TORT. Writs in the District Court of East Norfolk dated March 13, 1939, and March 10, 1939, respectively.

Upon removal to the Superior Court, the actions were tried together before *O'Connell,* J. There was a verdict for the plaintiff in the sum of $3,337 in each action.

*H. S. Avery,* (*M. T. Prendergast* with him,) for the defendants.

*D. L. O'Donnell,* (*T. C. Osborn & J. M. Leahy* with him,) for the plaintiff.

RONAN, J. These are two actions of tort to recover damages for the death of the plaintiff's testatrix which, the plaintiff alleges, was due to the negligent operation of a motor vehicle by the individual defendant, as an employee

of the corporate defendant, upon Pond Street in South Weymouth, shortly after six o'clock on the evening of December 7, 1938. The jury returned a verdict for the plaintiff in each case. Each defendant excepted to the denial of a motion for a directed verdict. Both defendants contend there was no evidence of any negligence in the operation of the motor vehicle, that the manner in which the accident happened was a matter of conjecture and surmise, and that no inference of negligence could properly be drawn.

The jury could find the following facts: The testatrix, a woman eighty-five years of age and five feet and four inches tall, was walking in a northerly direction on the westerly sidewalk of Pond Street toward her store, which was located in a building to the north of the railroad station on the westerly side of this street. The sidewalk along which the testatrix was travelling was four inches higher than the street and abutted the depot yard and the adjacent premises of the testatrix. A boy, fourteen years of age, and his sister, eleven years of age, while on their way to her store had passed the testatrix at a point approximately seventy feet from her store. The boy and girl entered the store, the boy holding open the door for the testatrix for a short time and then joining his sister who was at the counter. The girl then looked out of the store window and saw the motor vehicle at the place where the body of the testatrix was found, which was about twenty-eight feet from the store. The body was lying to the west of the sidewalk with the feet a few inches from the inner line of the sidewalk. The testatrix suffered fractures of several bones and also a fracture of the skull so extensive as to permit the evisceration of the brain. There was no evidence of conscious suffering. The motor vehicle, a twenty-nine passenger bus, twenty-eight feet in length, seven feet and nine inches wide, with an overhang of five feet and seven inches extending from the center of the rear wheels, and with windows along the sides and in the rear, was driven northerly along Pond Street and the front of it driven into a vacant lot upon the easterly side of the street; it was

then backed up over the westerly sidewalk and operated southerly along Pond Street, coming to a stop by the side of the street near the depot. As the driver slowly backed the bus with motor racing, he was seated on the arm of the driver's seat looking through the rear windows, but he did not see the testatrix. The lights on the inside of the bus were out but the rear outside lights were lighted. The site of the accident was fairly well lighted. The operator felt the rear wheels of the bus go up over the sidewalk and then a second jolt, which he thought was caused by the rear wheels leaving the inner line of the sidewalk and reaching the level of the depot yard. There was testimony from the operator that he could not see very well as he backed the bus and that he was watching an automobile that was parked on the westerly side of the street a little south of the place where he was backing the bus. A police officer, who was on duty a short distance from the place of the accident, testified that the operator came up to him and said that he had just killed a woman. Blood and brain matter were found upon the left rear tire of the bus.

The operator, in backing the bus over the sidewalk, was required to exercise a degree of care commensurate with the probable harmful consequences that might be sustained by pedestrians travelling upon the sidewalk if there were a lack of such care. *Minsk* v. *Pitaro,* 284 Mass. 109. *Capano* v. *Melchionno,* 297 Mass. 1. Whether the operator ought to have seen the testatrix in time to stop the bus and avert striking her was a question of fact, which was properly submitted to the jury. *Noonan* v. *P. M. Leavitt Co.* 238 Mass. 481. *Millay* v. *Town Taxi, Inc.* 242 Mass. 314. *Smith* v. *Whittall,* 257 Mass. 306. *Mulroy* v. *Marinakis,* 271 Mass. 421. *Hirrel* v. *Lacey,* 274 Mass. 431. *Sullivan* v. *Napolitano,* 277 Mass. 341. *Legg* v. *Bloom,* 282 Mass. 303. *White* v. *Checker Taxi Co.* 284 Mass. 73. *Frasciello* v. *Baer,* 304 Mass. 643.

It was not necessary for the plaintiff to show the precise manner in which the bus came in contact with the decedent. *Brown* v. *Daley,* 273 Mass. 432. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323. *Capano* v. *Melchionno,* 297 Mass.

1. *D'Ambrosia* v. *Brest,* 302 Mass. 316. It was enough, where, as here, the plaintiff introduced evidence from which the jury could properly find that the testatrix was struck and killed by the bus, and that there was a greater likelihood that the death was caused by the negligence of the operator than that it was from a cause for which the defendants were not responsible. *Navien* v. *Cohen,* 268 Mass. 427. *Rocha* v. *Alber,* 302 Mass. 155. *Koczur* v. *Flanagan,* 306 Mass. 121. *O'Connor* v. *Griff,* 307 Mass. 120. *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373.

*Exceptions overruled.*