ZOTTOLI, J.
This is an action in tort in which the plaintiffs seek to recover damages for personal injuries alleged to have been suffered as the result of a collision between a bus, owned by the defendant, and an automobile operated by the plaintiff Walsh, Jr., in which the rest of the plaintiffs were passengers.
The plaintiff’s declaration contains six counts. Count I in substance alleges that the plaintiff Walsh, Jr., while operating an automobile on said Bridge Street and while being in the exercise of due care, suffered injuries as the result of the negligence of the defendant, its servants or agents. Counts II to VI inclusive, relate to the remaining plaintiffs and are substantially similar in form as Count I except that they allege that the plaintiffs therein named were in *[15] jured while riding as passengers in the automobile operated by the plaintiff Walsh, Jr.
The defendant’s answer to each of the counts of the plaintiff’s declaration, is a general denial, and an affirmative allegation of contributory negligence.
The plaintiff’s evidence, taken in the aspects most favorable to them, Winchester v. Erickson, 281 Mass. 210, 212; Dillon v. Framingham, 288 Mass. 511, 513, tended to show the following facts: On May 18, 1949, at about 12:52 A. M., the plaintiff David W. Walsh, Jr., was operating an automobile on Bridge Street, Cambridge, in the direction of Boston, near the defendant’s Lechmere Terminal. When he was about 400 feet from a point where Bridge Street meets Cambridge Street, he saw the defendant’s bus, which came out of Cambridge Street, turn under the viaduct located over an area at the end of the terminal, where Cambridge and Bridge Streets meet at an angle. The bus came along Cambridge Street as though to proceed in the direction opposite to that in which the automobile occupied by the plaintiffs was traveling on Bridge Street.
Photographs introduced into evidence show that Bridge Street is a wide, well marked six lane road marked with a double line in about its center. Cambridge Street takes a rather sharp turn to the right after it leaves the area where it joins Bridge Street. The viaduct or bridge which extends over the area where Cambridge and Bridge Street meet, is supported by four uprights which project from that area to the under surface of the viaduct. The evidence warranted findings that when the operator David W. Walsh, Jr., first saw the defendant’s bus, he was going twenty to twenty-five miles per hour and that “as he observed the bus, he applied his brakes very slightly and was proceeding to stop;” that after the time he observed said bus making the turn under the viaduct, he did not again observe it until the collision; that he was familiar with the location; that he was familiar with the fact that buses unloaded passengers on one side of the station, then came out on the street and made a turn under the viaduct at the end of the station and that buses then made a left turn into the station to .take on passengers; that he had a good idea that the bus he had observed 400 feet away from his automobile might make a left turn into the station; that after he first saw the bus it did not come *[16] under his observation again until the left front corner of the bus struck the left side of the automobile. From the evidence reported, including the photographs and the reasonable inferences to be drawn therefrom, further findings were warranted that after the initial contact by the bus to the left side of the automobile, the automobile “swung around” ; continued on and over a curb stone and narrow side walk on the right hand side of the road, as the automobile had been traveling and struck the abutment which was located at the corner of Bridge and Cambridge Streets.
The evidence relating to the rest of the plaintiffs, in substance, warranted further findings that the plaintiffs Donovan and Schrage only saw the defendant’s bus when it was making the turn under the viaduct; that the plaintiff Ralli only saw the bus when it was to the left of, and only a “split second” away from the automobile; that the plaintiff Jeffrey saw the bus when it was making a turn under the viaduct and did not thereafter see it until it was about ten feet from the automobile in which he was riding; that the plaintiff Giacobozzi only saw the bus an undetermined distance “to the left of the automobile in which he was riding.”
On the other hand, it appears from the evidence reported that the operator of the defendant’s bus made a statement to the effect “that as he was Completing a turn around the end of the Lechmere Station, he observed an automobile proceeding in the direction of Boston approximately four or five hundred feet away; that said automobile was proceeding at about 50 or 60 miles per hour; that as he started to make a left turn into the station, he observed said automobile continue without slackening his speed and thereupon he immediately applied his brakes and brought the bus to a stop; that said automobile continued on without slackening his speed and that when a few feet away from said 'bus, the automobile turned to his right and sideswiped the left front corner of the defendant’s bus; that the automobile then continued on, swung around and collided with the abutment at the end of the defendant’s Lechmere Station; that the plaintiff, David W. Walsh, Jr., told him that the first time he observed the defendant’s bus was when he was right on top of it; that he swung his automobile to the right but the left side of the *[17] automobile came in contact; that the automobile swung around, continued on and struck the abutment at the end of the defendant’s elevated station; that at the time he first observed the bus, he did not have any opinion as to the speed of said bus.”
At the close of the trial the defendant duly filed numerous requests for rulings. In view of the fact that the defendant in its brief and its argument before this Division only contends that the trial judge erred in his findings for the plaintiffs because he erroneously refused to rule “there was no evidence of negligence on the part of the defendant’s' operator” and “that the plaintiffs were contributorily negligent as matter of law,” our action on any other requests does not call for detailed treatment. Co. v. Dyer, 243 Mass. 472; Guinan v. Famous Players—Lasky Corp., 267 Mass. 501, 519, 521; Kennedy v. Currier, 293 Mass. 435; Boston v. Dolan, 298 Mass. 346; Kay v. Audet, 306 Mass. 337, 338; McCarthy v. Boston & Maine R. R., 319 Mass. 470.
The basic issues raised by the defendant are: (1) Whether the evidence, taken in its view most favorable to the plaintiffs, compelled a finding that the defendant was not negligent, and (2) whether the evidence required a finding that the plaintiffs were not in the exercise of due care.
Where, as here, the evidence is conflicting, the credibility of witnesses is exclusively for the trial judge. MacDonald v. Adamian, 294 Mass. 187, 191. Moreover, a general finding must stand “unless wholly unwarranted as matter of law.” Spritz v. Brockton Savings Bank, 305 Mass. 170; Niagara Fire Ins. Co. v. Lowell Trucking Corp., 316 Mass. 652. And see Baker v. Davis, 299 Mass. 345, where the court held that a question of law must be properly raised, else there is nothing to review.
In view of the fact that the defendant has argued the trial judge erred in drawing inferences to the effect the defendant’s conduct was negligent, it may also be useful to point out in a discussion of the basic issues that the drawing of inferences presents questions of fact which will not be reviewed by an appellate court where, as here, there is basic evidence to support them. Cf. MacLean v. Neipris, 304 Mass. 237; Aradalou v. N. Y. N. H. & H. R. R., 225 Mass. 235. Furthermore, since the defendant has argued that there is an inconsistency between the rulings *[18] made and the facts found, it may also be useful to point out that even if this were so, such a question should be raised by a motion for a new trial and not by a report or argument to an appellate division. Duralith Corp. v. Leonard, 274 Mass. 397, 401; Di Lorenzo v. Atlantic Nat. Bank, 278 Mass. 321, 324; cf. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317.
Turning to the real issues before this Division, we feel that the evidence reported does not compel a finding of want of negligence on the part of the operator of the defendant’s bus. The operator of the bus was required to exercise a degree of care commensurate with the probable harmful Consequences that might be sustained by other persons properly upon the highway if there were a lack of such care. Thomas v. Spinney, 310 Mass. 749, 751. From the evidence reported the court could find that the operator of the defendant’s bus had an unobstructed view of all that was happening in front of him; that he could have seen the automobile as it came along on its right side of the road in front of the bus and ought to have anticipated that the bus would have become involved with the automobile occupied by the plaintiffs, which was slowing down; that notwithstanding all this the bus continued on striking the automobile such a violent blow as to cause it to turn around, mount the curb, cross a narrow sidewalk, strike the bridge abutment, and suffer extensive damage. From all this evidence the court could reasonably infer that the operator of the bus was negligent either in failing to observe or failing to stop the bus before it came into collision with the automobile which was rightfully on its right side of the road. Cf. Jennings v. Bragdon, 289 Mass. 595 ; and, see G. L. (Ter. Ed.) c. 89, s. 1; Nicoli v. Berglund, 293 Mass. 426, 428.
In support of its contention that there was no evidence of negligence the defendant in its argument before this Division in part relied upon decisions holding that the mere happening of a collision between two motor vehicles is not proof of negligence. Reardon v. Boston Elevated Ry., 247 Mass. 124, 126; Handler v. Coffey, 278 Mass. 339, 340; Zarrillo v Stone, 317 Mass. 510, 512. In such cases the emphasis is laid upon the word “mere.” “Slight evidence” of the circumstances of the collision “may *[19] place the fault.” Washburn v. R. F. Owens Co., 252 Mass. 47, 54; Bryne v. Great Atlantic & Pacific Tea Co., 269 Mass. 130, 131; Jennings v. Bragdon, 289 Mass. 595; Lech v. Escobar, 318 Mass. 711, 712, 713; Kerr v. Palmieri, Mass. A. S. (1950) 443, 445. Moreover, it is not necessary for the plaintiffs to show the precise manner in which the bus came into contact with the automobile in question. It is enough where, as here, there is evidence from which the court can properly find that the automobile was struck by the bus and that there is a greater likelihood that the Collision was caused by the negligence of the operator than that it was from a cause for which the defendant was not responsible. Handler v. Coffey, 278 Mass. 339, 341; Thomas v. Spinney, 310 Mass. 749, 751, 752, and cases cited.
There was no error in the court’s refusal to rule that “the plaintiffs were contributorily negligent as matter of law.” Under our law, contributory negligence in all actions for injuries to person or property is an affirmative defense with the burden resting on the defendant, G. L. (Ter. Ed.) c. 231, s. 85, and with rare exceptions presents an issue of fact for the court. O’Connell v. McKeown, 270 Mass. 432, 435; Mercier v. Union St. Railway Co., 230 Mass. 397, 403. The defendant must not only prove negligence on the part of the plaintiff, he must further show that the negligence of the plaintiff contributed to the injury. Brule v. Union St. Ry. Co., 315 Mass. 268; O’Brien v. Janelle, 321 Mass. 316, 317; Joyce v. N. Y. N. H. & H. R. R., 301 Mass. 361, 363.
The defendant cites the cases of Petrone v. N. Y. Central R. R., 301 Mass. 352 and Collins v. Boston Elevated Ry. Co., 218 Mass. 284, as controlling the case at the bar. The Petrone case is a so-called “grade crossing case,” in which the plaintiff was injured while crossing over railroad tracks. Dole v. Boston & Maine R. R., 308 Mass. 46, 50; Gannett v. Boston & Maine R. R., 238 Mass. 125, 131; G. L. (Ter. Ed.) c. 90, s. 15. The rule of law applicable to accidents at grade crossings of railroads does not apply “to travellers in their daily and Common use of our highways.” Hennessey v. Taylor, 189 Mass. 583, 586. In the Collins case it appeared that a “horse and buggy” was driven across car tracks in front of an on-coming car that was in plain sight. No “distractions” to the plaintiff appeared. A divided court *[20] held that the plaintiff was guilty of contributory negligence as matter of law. Cf. Grant v. Boston Elevated, Ry. Co., 229 Mass. 219, 224 and Mercier v. Union St. Railway Co., 230 Mass. 397, 405, in which the court held that whether the plaintiff was in the exercise of due care presented a question of fact.
There is no imperative rule of law generally requiring one lawfully using the public ways to be continuously looking or listening to ascertain if automobiles are approaching under the penalty that upon failure to do so, if he is injured his negligence must be conclusively presumed. The trial judge could infer from the evidence that the operator of the automobile had the curve in the road in front of him and the uprights supporting the bridge to consider in his forward progress and that these were “distractions” with which he had to cope if he was to avoid harm from that direction. Cf. Hennessey v. Taylor, 189 Mass. 583, 585, 586. Each case of this kind depends in large part upon its own peculiar facts. Cf. Mercier v. Union St. Ry., 230 Mass. 397, 405. The court in passing on the question of due care could take into account that the automobile in which the plaintiffs were riding was rightfully on that part of the road used by vehicles going in its direction and that they had a right to rely to some extent upon the expectation that the defendant’s bus would not cross to its left side of the road and carelessly run into the left side of the car in which they were riding. Under all these circumstances the question of due care presented a question of fact. Cf. Stinson v. Soble, 301 Mass. 483; Hennessey v. Taylor, 189 Mass. 583, 586; McComb v. N. E. Transportation Co., Mass. A. S. (1950) 67-69. Furthermore, in the cases of the guests of the operator, the refusal by the trial judge to grant the requests to the effect that the guest occupants were not, as matter of law, in the exercise of due care, was not erroneous for a further reason. It appears that these occupants were guests of the operator. There is no evidence from which it could be ruled, as matter of law, that they entrusted themselves wholly to the care and caution of the operator without taking care of their own safety. The negligence of the operator, had there been any, and we do not intimate that the evidence shows that there had been, could not be imputed to them on the facts disclosed by the report. Keyes v. Checker Taxi Co., *[21] 275 Mass. 461, 468; Bessey v. Salemme, 302 Mass. 188. There is no error in the court’s treatment of the defendant’s requests. The order therefore is
Lyne, Woodworth & Evarts, Attys. for Plff.
Arthur J. Learson, Chas A. McCarron, Attys. for Deft.

Report dismissed.